The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:** _____

**Filing Date: March 4, 2021**

**NO. S-1-SC-37751**

**STATE OF NEW MEXICO,**

      Plaintiff-Respondent,

v.

**ANTONIO CRUZ,**

      Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**William G. W. Shoobridge, District Judge**

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
John Kloss, Assistant Attorney General
Santa Fe, NM

for Respondent

# OPINION

**VIGIL, Justice.**

{1}	This case serves as a reminder that fundamental constitutional rights cannot be jettisoned for the sake of judicial efficiency. At every level of our courts, the Constitution must stand as an immovable bulwark to secure the rights of individuals in every case. Central to our criminal justice system is the right to counsel, which in turn ensures the protection of all other rights. It is the right to counsel that was denied in this case.

{2}	Defendant Antonio Cruz was convicted at his arraignment in the Lea County magistrate court on June 30, 2017. His conviction was obtained through an uncounseled plea of no contest to a single count of misdemeanor criminal damage to property of a household member. At arraignment, he also requested an attorney. The magistrate appointed the Law Offices of the Public Defender (LOPD) to represent him. One month later, an attorney from the LOPD entered an appearance in the case and sought to withdraw the uncounseled plea. The magistrate court denied the request to withdraw the plea and proceeded to sentencing. Defendant appealed. The district court dismissed the appeal without prejudice because Defendant did not bring the case to trial within six months. Subsequently, following a show cause hearing, the district court dismissed the appeal with prejudice and remanded the case

to magistrate court to enforce the sentence. The Court of Appeals upheld the district court's dismissal of the case. *State v. Cruz*, A-1-CA-37581, mem. op. ¶ 1 (May 24, 2019) (non-precedential).

{3}     We granted certiorari to consider Defendant's argument that he was denied due process and received ineffective assistance of counsel. We conclude that Defendant's plea is void because the magistrate court deprived Defendant of the right to counsel and due process by accepting his plea of no contest without providing him counsel. We further conclude that the district court lacked authority to dismiss Defendant's timely-filed appeal because there is no longer a six-month rule applicable to district courts, and it is the State, not Defendant, that bears the burden of bringing a case to trial. Accordingly, we reverse the Court of Appeals' affirmance of Defendant's conviction.

## I.     BACKGROUND

### A.     Adjudication at Arraignment in the Absence of Attorneys

{4}     This case began when Defendant's girlfriend reported that Defendant had broken various items in her home, including dishes and a flowerpot. Defendant was arrested on the charge of misdemeanor criminal damage to property of a household member. Defendant was arraigned in magistrate court on June 30, 2017, the day after his arrest.

2

{5}    At his arraignment, Defendant did not have counsel and asked for a public defender. The magistrate entered an order conditionally appointing the LOPD, "find[ing] that the defendant is unable to obtain counsel and desires representation by the [LOPD]."

{6}    In that same proceeding—while Defendant stood accused of a crime and had requested but did not yet have counsel—the magistrate adjudicated Defendant's guilt. At the top right-hand corner of the misdemeanor arraignment form, the magistrate handwrote the words "No Contest" under the typed word "Plea." On the line marked "Defendant Plea" the magistrate checked the box for "Guilty/No Contest – proceed with Guilty Plea Proceeding form" and circled the words "No Contest[.]"On the line marked "Set For (hearing type)" the magistrate handwrote the word "Sentencing."

{7}    Because "[t]he magistrate court is not a court of record[,]" NMSA 1978, § 35-1-1 (1968), there is no transcript of the arraignment. The only documents generated in court during the arraignment were the one-page arraignment sheet and the conditional order appointing the LOPD, discussed above, as well as a waiver of jury trial form and an "advice of rights per Rule 6-501 [NMRA]" form that lists the basic rights to be explained to a defendant at arraignment under Rule 6-501(A).

3

**B.     Magistrate Court Proceedings After Counsel Entered the Case**

{8}     On August 4, 2017, more than one month after Defendant's arraignment and appointment of counsel, an LOPD attorney entered his appearance on behalf of Defendant. Shortly thereafter, counsel filed a motion to withdraw Defendant's uncounseled plea. He noted that Defendant did not have counsel at arraignment when he entered the plea and argued that Defendant should be permitted to withdraw his plea under the "fair and just" standard set forth in *State v. Hunter*, 2005-NMCA-089, 138 N.M. 96, 117 P.3d 254, *aff'd on other grounds*, 2006-NMSC-043, 140 N.M. 406, 143 P.3d 168. Counsel argued that Defendant, who had not completed his high school education and who suffered from post-traumatic stress disorder, had not entered into the plea "knowingly nor voluntarily as [he] was unable to fully comprehend the penalties and collateral consequences of his actions, nor [could] he conceptualize probable cause." Counsel also argued that Defendant's "quality of assistance was the lowest of the low—None; pro-se representation while burdened by his mental deficiencies." He argued that the State would not be prejudiced and the court would not be inconvenienced, but rather, that allowing the plea withdrawal would conserve judicial resources because "[w]ith the appointment of undersigned counsel the case should be able to reach an expedient and just resolution without the taint of any constitutional deprivations."

4

{9}     The magistrate court set a hearing on the motion to withdraw the plea for August 25, 2017, at 9:00 a.m., the same time set for sentencing. At the hearing, the magistrate denied the motion to withdraw the plea, writing only that the court had been "sufficiently advised" and found "just cause to deny this motion."

{10}    The magistrate sentenced Defendant to 364 days' incarceration in the Lea County Detention Facility with two days' credit for time served. The magistrate suspended the remaining 362 days and placed Defendant on supervised probation for 182 days to be followed by 180 days of unsupervised probation. Finally, the magistrate imposed a $1,000 fine, suspended $800 of that fine, and charged $123 in fees, for a total of $323.

## C.     District Court Proceedings

{11}    On August 31, 2017, Defendant, through counsel, filed a timely appeal and demand for jury trial in the district court. *See* Rule 6-703(A) NMRA (providing fifteen days to file a notice of appeal from a magistrate court judgment). Neither defense counsel nor the State took any further action on the case for eight months.

{12}    On April 26, 2018, the district court entered a "disposition order for lack of prosecution" on its own motion. The order dismissed the case without prejudice because "no significant action ha[d] been taken" on the case in more than 180 days. The district court did not cite a rule under which it was dismissing the case nor did

5

it allege that Defendant had violated any specific rule. The order provided that any party could move to reinstate the case within thirty days. Thirty days passed, and no motion was filed.

{13} On June 19, 2018, the district court entered an order to show cause. The order stated that because Defendant failed to request a hearing, the appeal would be dismissed and remanded to magistrate court in ten days unless Defendant "show[ed] good cause why the appeal should not be dismissed."

{14} Defense counsel filed a response the following day. Counsel argued that "[o]n April 24 [sic], 2018, this matter was disposed of due to lack of prosecution; taking the plain meaning of the titled order the appellant operated under the belief that the matter was resolved in his favor, and that the Court would issue a remand order to the same effect." "In the alternat[ive]," counsel argued, "if this Court did not intend to dismiss the matter due to the State's failure to prosecute the de novo appeal, Defendant requests that the matter be set for a de novo trial at the Court's earliest convenience."

{15} A hearing on the order to show cause was set for July 31, 2018. Counsel appeared on behalf of Defendant, who was not present, and requested that the district court waive Defendant's appearance. The district court granted the waiver of appearance and discussion moved on to the merits.

**{16}** The district court noted that its order dismissing the appeal for lack of prosecution was "more appropriate in a civil case," but stated that "there is a . . . criminal rule about getting these matters heard within six months." Defense counsel agreed that "matters should be heard within six months" under the unspecified rule. He stated, "I believe the case law too . . . ultimately places the burden on defense counsel" and therefore "the lapse of time ultimately falls on my shoulders." Defense counsel did not explain what rule or case law informed his thinking.

**{17}** Defense counsel asked that the appeal not be dismissed because he had misunderstood the district court's order dismissing the appeal "for lack of prosecution" as an order dismissing the charges. He explained that he had limited practice experience in New Mexico and had a "limited knowledge . . . of New Mexico case law." He stated that he had failed to request a hearing when he filed the notice of appeal because he thought that the court would schedule the hearing on its own. He asked that the court set the case for a hearing.

**{18}** The district court ruled as follows:

> [The] court's going to go ahead and find that the notice of appeal was filed over [sic] a year ago; that this involves a criminal damage to property of a household member under $1,000; that the court gave notice of dismissal, there was no action taken within the thirty days, this matter has not come to hearing within six months. The matter is dismissed. It will be remanded back to magistrate court.

7

**{19}** The district court entered a written order finding that "[n]o sufficient cause was shown as to why the appeal should not be dismissed[,]" dismissing the appeal, and remanding to the magistrate court for enforcement of its sentence.

**D. The Case Before the Court of Appeals**

**{20}** Defendant timely appealed to the Court of Appeals. In the docketing statement, defense counsel raised only the issue of ineffective assistance of counsel. Defense counsel reiterated his assertion that he personally bore responsibility for failing to move to reinstate Defendant's appeal after the district court first dismissed it, explaining that "defense counsel misconstrued the term-of-art within the title of the Court's order as a judgment in favor of . . . [D]efendant." He asserted that the defense has the burden of bringing a magistrate court appeal to trial under *State v. Hrabak*, 1983-NMCA-100, 100 N.M. 303, 669 P.2d 1098.

**{21}** The Court of Appeals proposed summary affirmance. *Cruz*, A-1-CA-37581, mem. op. ¶ 1. Defendant filed a memorandum in opposition arguing that he received ineffective assistance of counsel and was denied due process on appeal. *Id.* ¶ 3. He also filed a "motion to amend the docketing statement seek[ing] to add the issue of

whether the district court erred in dismissing the case with prejudice when Defendant did not appear at the show cause hearing."[1] *Id.* ¶ 4.

{22} In a memorandum opinion, the Court of Appeals determined that it did not have a sufficient record to rule on the ineffective assistance of counsel claim because "the record is silent as to whether Defendant actually wished to continue pursuit of his appeal or the reason for Defendant's failure to appear and counsel's failure to request reinstatement," facts which the Court of Appeals assessed as "key to the necessary determination of whether counsel's errors caused prejudice." *Id.* ¶ 3.

{23} As for Defendant's contention that the district court improperly dismissed the case for Defendant's failure to appear at the show cause hearing, the Court of Appeals again concluded that Defendant failed to develop the facts necessary to rule on the issue. *Id.* ¶ 5. "Without any information about how defense counsel responded to the order to show cause . . . [and] multiple inferences still possible from the information available from the record, we cannot conclude that the district court erred by dismissing the appeal[.]" *Id.* The Court of Appeals did not discuss the

---

[1]Defendant's absence from the show cause hearing was irrelevant to the district court's decision to dismiss the appeal. The district court granted the request to waive Defendant's appearance at the hearing. As discussed below, the district court dismissed the case for violation of the so-called "six-month rule," not Defendant's absence.

applicable rules of procedure that would allow a district court to dismiss an appeal. The Court of Appeals concluded, "Faced with inactivity in the case, an absent Defendant, no request to reinstate the appeal,[2] and no clear statement relative to Defendant's interest and cooperation in pursuing the appeal, we are unable to conclude that the district court erred by dismissing the case rather than reinstating it." *Id.* ¶ 6.

**E.     The Briefs Before This Court on Certiorari**

{24}     Defendant asserts that he was erroneously deprived of his appeal of right "[t]hrough no fault of his own," which violated due process under *Evitts v. Lucey*, 469 U.S. 387 (1985). Defendant faults trial counsel for this deprivation, arguing that trial counsel's apparent belief that the State has the "burden to bring [Defendant's] magistrate court appeal to trial . . . is not the law in New Mexico." According to Defendant, trial counsel's misapprehension of the law caused the dismissal of his appeal, which not only resulted in a due process violation, but was also ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

---

[2]Defense counsel requested to reinstate the appeal prior to the show cause hearing, writing in response to the order to show cause, "[D]efendant requests that the matter be set for a de novo trial at the Court's earliest convenience." At the show cause hearing, he again requested that the district court not dismiss the matter but set it for a hearing.

10

Defendant contends that under *Strickland*, trial counsel's failure to reinstate the appeal after the first dismissal constituted deficient performance, and Defendant was prejudiced by that failure because the appeal was then dismissed with prejudice. Defendant also argues that the district court erred in dismissing his appeal based on his failure to appear at the show cause hearing because Defendant's presence was not required.

{25} The State first responds that Defendant had no right to appeal from the magistrate court judgment in the first instance. It argues that Defendant waived his right to appeal because Defendant entered into a "non-conditional plea agreement" through which he "agreed not to be aggrieved[.]"

{26} In the alternative, however, the State offers a concession and argues that reversal is required because the district court abused its discretion in dismissing the appeal.[3] The State notes that it was "unable to identify a legal basis" for the district court's initial order of dismissal for lack of prosecution, and concludes that "the district court based both of its orders of dismissal on a misapprehension of law[.]" It points out that Rules 5-826 and 5-828 NMRA, which govern criminal appeals from

---

[3]The State did not have the opportunity to present this argument to the Court of Appeals because this case was decided on that court's summary calendar. When summary affirmance is proposed, as it was in this case, the appellee does not file a brief. *See* Rule 12-210(D) NMRA.

11

magistrate court to district court, "do not specify that such matters must be heard within six months," nor do they provide "that when a defendant [properly] . . . filed a notice of appeal and jury demand in the district court, . . . such an appeal will be dismissed in favor of the State if nothing else happens within any particular period of time."

## II.   DISCUSSION

{27}   We agree with Defendant that he was denied due process, but for reasons other than those offered by Defendant. The fundamental flaw with the process that Defendant received is that he was completely deprived of the right to counsel when he pleaded no contest. This was a direct violation of the Sixth Amendment right to counsel and also a violation of due process. A conviction obtained through a deprivation of the right to counsel is plainly invalid. Because we vacate Defendant's conviction on this ground, we do not address his other argument.

{28}   We are not persuaded by the State's argument that Defendant waived his right to appeal from the magistrate court judgment by entering an unconditional plea. Because Defendant was completely deprived of counsel at his plea, the plea was void. Defendant was an aggrieved party with a right to appeal. We agree with the State, however, that the district court did not have a legal basis to dismiss Defendant's appeal. We address each of these issues in turn.

## A. Jurisdiction and Standard of Review

{29} Deprivation of the right to counsel is deprivation of a fundamental right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963) ("The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours."); *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938) (calling the right to counsel "one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty"); *State v. Padilla*, 2002-NMSC-016, ¶ 22, 132 N.M. 247, 46 P.3d 1247 ("It bears emphasis that the right to be represented by counsel is among the most fundamental of rights." (internal quotation marks and citation omitted)). The integrity of the adversarial process depends upon the provision of counsel to the accused. *See Gideon*, 372 U.S. at 344-45 (discussing the indispensable role of counsel in the adversarial system); *United States v. Cronic*, 466 U.S. 648, 653-54 (1984) (same); *Strickland*, 466 U.S. at 685 (same).

{30} Although defense counsel did not raise this issue, "appellate courts have a responsibility to raise issues sua sponte when it is necessary to protect a party's fundamental rights[.]" *State v. Samora*, 2016-NMSC-031, ¶ 33, 387 P.3d 230 (citing *State v. Arrendondo*, 2012-NMSC-013, ¶ 20, 278 P.3d 517); *see also* Rule 12-321(B)(2) NMRA (recognizing an exception to the preservation requirement that

13

allows an appellate court to consider in its discretion "issues involving . . . fundamental rights of a party"). We exercise our discretion to reach the issue of deprivation of counsel sua sponte. *See Arrendondo*, 2012-NMSC-013, ¶ 20 (exercising "this Court's inherent authority to raise an issue sua sponte when it is necessary to protect a party's fundamental rights"); *Samora*, 2016-NMSC-031, ¶ 33.

{31}    "The right to appeal is . . . a matter of substantive law created by constitutional or statutory provision[,]" thus our review of whether Defendant was entitled to appeal is de novo. *State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415; *see also, e.g.*, *State v. Krause*, 1998-NMCA-013, ¶ 3, 124 N.M. 415, 951 P.2d 1076 (stating that the issue of whether the defendant was entitled to a de novo appeal in district court is a legal issue that is reviewed de novo).

{32}    We review the question of whether the district court had authority to dismiss Defendant's appeal de novo, because this question requires us to interpret Rule 5-828 of our Rules of Criminal Procedure. "The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806.

14

**B. Defendant's Conviction Is Invalid Because He Was Deprived of Counsel During His Plea**

{33}    After the Sixth Amendment right to counsel has attached, courts may not adjudicate a person's guilt in the absence of counsel or valid waiver of counsel. In this case, the magistrate court adjudicated Defendant's guilt in the absence of counsel and without a waiver of the right to counsel. By finding Defendant guilty under such circumstances, the magistrate court created a "structural defect" that "def[ies] analysis by 'harmless-error' standards" because it completely deprived Defendant of counsel at the critical guilt-determination stage. *Arizona v. Fulminante*, 499 U.S. 279, 309-310 (1991) (referencing constitutional violations that are not subject to harmless error analysis, including that involved in *Gideon*, 372 U.S. at 344).

**1.    Defendant's right to counsel had attached and was not waived**

{34}    The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides every criminal defendant "the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right attaches at least as early as arraignment, or whenever "judicial proceedings have been initiated against [a defendant]." *Brewer v. Williams*, 430 U.S. 387, 398 (1977). "[B]y the time a defendant is brought before a judicial officer, is informed of a formally lodged accusation, and has restrictions imposed on his [or her] liberty

15

in aid of the prosecution, the State's relationship with the defendant has become solidly adversarial." *Rothgery v. Gillespie Cnty*, 554 U.S. 191, 202 (2008). At that point, the Sixth Amendment interposes "the protective shield of a lawyer between [the accused] and the awesome power of the State." *Brewer*, 430 U.S. at 409 (Marshall, J., concurring).

{35}     The right attaches regardless of a defendant's ability to hire counsel. *Johnson*, 304 U.S. at 467 (holding that federal criminal defendants have a Sixth Amendment right to appointed counsel); *Gideon*, 372 U.S. at 341-42 (extending the right to counsel to state court defendants through the Fourteenth Amendment); NMSA 1978, § 31-16-3(B) (1968) (entitling "a needy person" to representation by an attorney at all stages of a proceeding). The right attaches regardless of the level of offense charged: states must provide counsel even for petty offenses if the offense "actually leads to imprisonment even for a brief period[.]" *Argersinger v. Hamlin*, 407 U.S. 25, 33 (1972). Furthermore, the right attaches whether the sentence is suspended in whole or in part. *Alabama v. Shelton*, 535 U.S. 654, 658 (2002) ("[A] suspended sentence that may end up in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel in the prosecution for the crime charged." (internal quotation marks and citation omitted)). While a defendant may waive the right to counsel, there is a strong presumption

16

against waiver. *Zerbst*, 304 U.S. at 464 (pointing out that "courts indulge every reasonable presumption against waiver of fundamental constitutional rights," including right to counsel) (internal quotation marks and citation omitted).

{36}     Defendant did not waive his right to counsel in this case. Quite the opposite: He asserted his right, even though he did not need to do so to retain the right. *See Brewer*, 430 U.S. at 404 ("[T]he right to counsel does not depend upon a request by the defendant."). In this case, the magistrate recognized Defendant's assertion of the right to counsel by finding that Defendant "desire[d] representation by the [LOPD]" and ordering the appointment of counsel. Thus, there is no question that Defendant had the right to counsel at arraignment: the Constitution, statute, presumption against waiver, evidence of affirmative request for counsel, and court order appointing counsel amply demonstrate that fact.

{37}     Furthermore, because Defendant had the right to counsel and did not waive it, it would be inaccurate to view the plea as a "pro se" plea. Defendant entered his plea without the benefit of counsel, and in that sense appeared "pro se." But appearing without counsel does not imply an exercise of the right to self-representation. *See generally State v. Stallings*, 2020-NMSC-019, ¶¶ 41-61, 476 P.3d 905 (explaining that defendants must timely invoke the right to self-representation and competently waive the right to counsel in order to proceed pro se in a criminal case). This was

not the plea of a self-represented party, but of a defendant who was deprived of counsel.

## 2. Depriving Defendant of counsel at the guilt-determination stage was reversible error

{38} The fact that the magistrate conducted the arraignment without providing Defendant with counsel does not, in and of itself, constitute reversible error. Deprivation of counsel at arraignment does not amount to reversible error unless the defendant was prejudiced by the deprivation. *State v. Cisneros*, 1967-NMSC-015, ¶ 3, 77 N.M. 361, 423 P.2d 45 (concluding that deprivation of counsel at arraignment did not violate the Constitution because the defendant had counsel at trial); *State v. Torres*, 1970-NMCA-017, ¶¶ 7, 8, 81 N.M. 521, 469 P.2d 166 (concluding that deprivation of counsel at arraignment did not violate the constitution because the defendant entered a not guilty plea at arraignment).

{39} But those cases are readily distinguishable from this one. For example, in *Torres*, our Court of Appeals held that the defendant was not prejudiced by the deprivation of counsel at arraignment because he pleaded not guilty and "[n]othing which occurred at arraignment was used against him." *Id.* ¶ 8. The defendant in *Cisneros* lacked counsel for both the preliminary hearing and arraignment, at which he pleaded not guilty. *Cisneros*, 1967-NMSC-015, ¶ 1. However, the defendant was

afforded counsel at trial, and the Court of Appeals held that the defendant was not deprived of his right to counsel nor prejudiced. *Id.* ¶ 3 (applying the conclusion reached in *Sanders v. Cox*, 1964-NMSC-214, 74 N.M. 524, 395 P.2d 353). In contrast, Defendant in this case was prejudiced by the deprivation of counsel because, unlike the not guilty pleas in *Torres* and *Cisneros*, Defendant's plea of no contest was itself a conviction. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (noting that a guilty plea "is itself a conviction; nothing remains but to give judgment and determine punishment"); *see also, e.g.*, *Kipnis v. Jusbasche*, 2017-NMSC-006, ¶¶ 15, 16, 388 P.3d 654 (noting that a no contest plea is the same as a guilty plea with regard to the case in which the plea is entered, and the difference lies in their effects on subsequent cases).

{40} Here, deprivation of counsel at arraignment was reversible error because his guilt was adjudicated in that proceeding. The Sixth Amendment undoubtedly requires that a defendant be provided counsel "at the critical stage when [the defendant's] guilt or innocence of the charged crime is decided and his [or her] vulnerability to imprisonment is determined[.]" *Shelton*, 535 U.S. at 674; *see Iowa v. Tovar*, 541 U.S. 77, 81 (2004) ("The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres." (citation omitted)); *Patterson v. LeMaster*, 2001-NMSC-013,

19

¶ 16, 130 N.M. 179, 21 P.3d 1032 ("[A]ssistance of counsel is necessary during plea negotiations because the most important decision for a defendant in a criminal case is generally whether to contest a charge or enter into a plea agreement."), *overruled on other grounds, State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880. "If no actual 'Assistance' 'for' the accused's 'defence' is provided, then the constitutional guarantee has been violated." *Cronic*, 466 U.S. at 654.

{41}   Reversal is automatic if a defendant is completely deprived of counsel when guilt is determined; the defendant need not demonstrate prejudice. *Id.* at 653-59; *Strickland*, 466 U.S. at 692; *White v. Maryland*, 373 U.S. 59, 60 (1963) (per curiam); *Williams v. Kaiser*, 323 U.S. 471, 475-76 (1945); *see also Chapman v. California*, 386 U.S. 18, 23 n.8 (1967) (recognizing that deprivation of counsel is never treated as harmless error); *Fulminante*, 499 U.S. at 309 (same). Because Defendant had the right to counsel, yet no lawyer assisted him at the critical stage in which Defendant made his plea, Defendant's Sixth Amendment right to counsel was directly violated and reversal is required.

{42}   To emphasize the severity of the constitutional violation that occurred here, we note that depriving a defendant of counsel affects more than one constitutional right. The presence of defense counsel is "the means through which the other rights of the person on trial are secured. . . . Of all the rights that an accused person has,

20

the right to be represented by counsel is by far the most pervasive for it affects his [or her] ability to assert any other rights he [or she] may have." *Cronic*, 466 U.S. at 653-54 (internal quotation marks and citation omitted). Every deprivation of counsel violates not only the Sixth Amendment right to counsel but also, at a minimum, the due process clause of the Fifth and Fourteenth Amendments. *See Strickland*, 466 U.S. at 684-85 ("[T]he Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause[.]"); *Argersinger*, 407 U.S. at 28 ("[D]ue process requires that the accused have the assistance of counsel for his [or her] defense[.]" (internal quotation marks and citation omitted)); *Powell v. Alabama*, 287 U.S. 45, 71 (1932) (holding that trial court's failure to allow defendants time to secure counsel before trial "was a clear denial of due process"). And because a plea "obtained in violation of due process . . . is therefore void[,]" *McCarthy v. United States*, 394 U.S. 459, 466 (1969), Defendant's plea is void.

{43}     Similarly, because the conviction was obtained in direct violation of the Sixth Amendment, the magistrate court lacked jurisdiction to impose a sentence. "Since the Sixth Amendment constitutionally entitles one charged with crime to the

21

assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his [or her] life or liberty." *Johnson*, 304 U.S. at 467; *see also Gideon*, 372 U.S. at 341-42 (applying the Sixth Amendment right to counsel to the states through the Fourteenth Amendment).

> If the accused . . . is not represented by counsel and has not competently and intelligently waived his [or her] constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving [the accused] of his [or her] life or his [or her] liberty.

*Johnson*, 304 U.S. at 468. For the foregoing reasons, Defendant's conviction resulting from his no-contest plea and the judgment and sentence imposed are invalid.

## C.    Defendant Did Not Waive His Right to Appeal

{44}    Having demonstrated the invalidity of Defendant's plea, we are not persuaded by the State's argument that Defendant waived his right to appeal by entering a nonconditional plea. A guilty plea that has been obtained in violation of the Constitution does not waive the right to appeal. *See Brady v. United States*, 397 U.S. 742, 757-58 (1970) ("[G]uilty plea convictions . . . [are] no more foolproof than full trials to the court or to the jury. Accordingly, we take great precautions against unsound results, and we should continue to do so, whether conviction is by plea or

22

by trial."); *Evitts*, 469 U.S. at 399-400 ("A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated."). Certainly, a conviction resulting from an outright denial of counsel is reviewable on appeal.

> The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his [or her] own ignorance of his [or her] legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his [or her] rights removes the protection of the Constitution.

*Johnson*, 304 U.S. at 465. We conclude that Defendant had the right to appeal from his invalid conviction.

## D.     The District Court Erroneously Dismissed Defendant's Appeal

{45}     The district court's first order dismissing Defendant's appeal without prejudice was based exclusively on the fact that the case was dormant; that is, Defendant had not taken action on the case in more than 180 days. The district court's second order dismissing the appeal with prejudice was also based on the six-month case dormancy, with the additional ground that defense counsel did not provide a sufficient reason for failing to move for reinstatement of the appeal after

23

the first order was issued that dismissed the appeal without prejudice. As the district court explained in its ruling at the end of the order to show cause hearing: "The court gave notice of dismissal, there was no action taken within the thirty days, this matter has not come to a hearing within six months. The matter is dismissed."

{46}    The district court erred in two respects. First, our Rules of Criminal Procedure do not require a district court to dismiss a criminal appeal from the magistrate court if the case is not brought to trial within six months. We abolished the so-called "six-month rule" as applied to district courts in *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20, where we held that

> [w]ithin the context of criminal proceedings in our courts of limited jurisdiction, our six-month rules continue to serve a useful purpose. But in our district courts, the six-month rule has become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial. Therefore, effective for all cases pending as of the date this [o]pinion is filed, we withdraw the six-month rule provisions set forth in Rule 5-604(B)-(E) [NMRA].

{47}    The State candidly acknowledges that there is no provision in the Rules of Criminal Procedure that would allow the district court to dismiss a magistrate court appeal simply because the case is dormant. Rule 5-828 provides only two grounds on which a district court may dismiss a magistrate court appeal: "fail[ure] to appear at the trial de novo" or "fail[ure] to comply with these rules. Rule 5-828. Neither applied to this case. The only rule with which the Defendant had failed to comply,

24

according to the district court's order, was the long-since abolished "six-month rule." As set forth above, that was error.

{48} Second, the district court erred by effectively shifting the burden to Defendant to bring himself to trial. NMSA 1978, Section 39-3-1 (1955), provides that "[a]ll appeals from inferior tribunals to the district courts shall be tried anew . . . on their merits, as if no trial had been had below, except as otherwise provided by law." Because an appeal to the district court begins the trial process anew, the burden of prosecuting the case remains, as ever, with the prosecutor. "A defendant has no duty to bring himself [or herself] to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process." *Barker v. Wingo*, 407 U.S. 514, 527 (1972) (footnote omitted); *see also State v. Stock*, 2006-NMCA-140, ¶ 17, 140 N.M. 676, 147 P.3d 885 ("[I]t is ultimately the State's responsibility to bring a defendant to trial in a timely manner."); *State v. Marquez*, 2001-NMCA-062, ¶ 8, 130 N.M. 651, 29 P.3d 1052 (same). Thus, if the district court would have sought to sanction a party for failure to move the case to trial in a timely manner, it should have considered sanctioning the State, as the responsible party, rather than Defendant. *See Hrabak*, 1983-NMCA-100, ¶¶ 1-2 (dismissing the state's complaint, not the defendant's appeal, when the state did not bring an appeal from a magistrate court judgment to trial within the time limits set by rule).

{49} We note that this latter point was evidently a source of confusion in this case, as both the district court and defense counsel apparently concluded that a defendant has the burden to move his or her criminal case forward in a de novo appeal to the district court. We correct that misunderstanding here. We clarify that while a defendant has the burden to file a de novo appeal according to the applicable rules of procedure, the defendant does not have the burden to move the case forward thereafter. After an appeal is properly filed, the defendant retains the right to a speedy trial and the state retains the burden to bring the case to trial de novo in a timely manner.

{50} We hold that the district court acted outside the scope of its authority under Rule 5-828 when it dismissed Defendant's appeal for violation of time limits that no longer exist under our Rules of Criminal Procedure. Therefore, we reverse.

## III. CONCLUSION

{51} Defendant was unconstitutionally deprived of the right to counsel when his guilt was determined, resulting in a direct Sixth Amendment violation and a denial of due process. Defendant's plea was therefore void and the magistrate court did not have jurisdiction to sentence him. The district court did not have the authority to dismiss the appeal based on a "six-month rule" violation because that rule no longer

exists. Accordingly, we reverse and remand for proceedings consistent with this opinion.

{52}   **IT IS SO ORDERED.**

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**