This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38643**

**STATE OF NEW MEXICO,**

>    Plaintiff-Appellant,

v.

**TAZALYNN COSHISE,**

>    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**    The State appeals the order of the district court vacating Defendant Tazalynn Coshise's misdemeanor conviction in the magistrate court, and dismissing her de novo appeal on speedy trial grounds. The district court concluded that Defendant's

constitutional right to a speedy trial[1] was violated by a two-year and seven-month delay in bringing her simple case to trial in the district court.

**{2}** We first reject the State's invitation to disregard, as dictum, the holding of our Supreme Court in *State v. Cruz*, and affirm that a defendant who appeals to the district court from an inferior court not of record for a trial de novo has a constitutional right to a speedy trial. 2021-NMSC-015, ¶¶ 48-49, 486 P.3d 1. We agree with the district court that Defendant's right to a speedy trial was violated by the excessive delay in this simple case. We therefore affirm.

## BACKGROUND

**{3}** Defendant was convicted in the Lincoln County Magistrate Court of battery against a household member, a misdemeanor. Defendant timely appealed her magistrate court conviction to the district court for a trial de novo on March 1, 2017. The next day defense counsel filed an entry of appearance in the district court, which included a demand for a speedy trial. For over nine months, there was no activity in Defendant's case. The district court did not set a trial date, and the prosecution made no request for a setting. On December 20, 2018, a new defense attorney filed an entry of appearance, which again included a request for a speedy trial. No further significant movement in the district court occurred for another nine-month period.

**{4}** On September 19, 2019, approximately eighteen months after Defendant filed her appeal, Defendant filed a motion to dismiss on speedy trial grounds. The district court held a hearing on October 31, 2019. At that hearing, Defendant argued that the entire time period since the filing of the notice of appeal should be attributed to the State. Defendant testified to prejudice that she claimed had been caused by the delay in trial. The district court granted Defendant's motion to dismiss. The State timely appealed. Additional facts relevant to our decision are detailed as appropriate below.

## DISCUSSION

### I.     This Court is Bound by Our Supreme Court's Holding in *Cruz*

**{5}** The State argued in its appeal to this Court that a defendant who files an appeal to the district court from an inferior court not of record, seeking a de novo trial, has no right to a speedy trial in the district court. The State claimed that Defendant should be treated as a convicted defendant-appellant in the district court who, as the appellant, has the burden to move the case forward to a de novo trial.

**{6}** After the State's initial brief was filed in this Court, our Supreme Court decided *Cruz. See* 2021-NMSC-015, ¶¶ 48-49. *Cruz* clarifies that "[a]fter an appeal is properly filed [from an inferior court not of record to the district court] the defendant retains the

---

[1]"The right of the accused to a speedy trial is guaranteed by both the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution." *State v. Spearman*, 2012-NMSC-023, ¶ 16, 283 P.3d 272.

right to a speedy trial and the state retains the burden to bring the case to trial de novo in a timely manner." *Id.* ¶ 49.

**{7}** In its reply brief, the State acknowledges the intervening Supreme Court decision in *Cruz* and withdraws its argument that the defendant, rather than the State, is responsible for bringing the case to trial timely. The State continues to argue, however, that a defendant who files a de novo appeal in the district court has no right to a speedy trial under either the United States or the New Mexico Constitution. The State characterizes the holding of *Cruz*—that a defendant in a de novo appeal to the district court has a constitutional right to a speedy trial—as dictum and claims that this Court is not bound by our Supreme Court's holding but is "free to give whatever persuasive value it sees fit to the dict[um] in *Cruz* that the speedy trial clause applies to a defendant's de novo appeal in district court." We do not agree that our Supreme Court's holding in *Cruz* is dictum. The Court in *Cruz* was required to determine whether the district court erred in dismissing the defendant's appeal based on the defendant's failure to bring his own case to trial timely in the district court. *Cruz* holds that the defendant had a constitutional right to a speedy trial, and that, therefore, the state, and not the defendant, was responsible for bringing the case to trial. On this basis, the Court overturned the dismissal. Because the Court's conclusion that the defendant had a constitutional right to a speedy trial was essential to the full resolution of the case, we are bound by *Cruz*'s holding. We accordingly proceed to address whether Defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution was violated. *Spearman*, 2012-NMSC-023, ¶ 16.

## II.     Standard of Review

**{8}** We consider the four factors set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972) in our analysis of a speedy trial claim: "(1) the length of delay in bringing the case to trial, (2) the reasons for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant caused by the delay." *State v. Serros*, 2016-NMSC-008, ¶ 5, 366 P.3d 1121. "[W]e give deference to the district court's factual findings, but we review the weighing and the balancing of the *Barker* factors de novo." *Spearman*, 2012-NMSC-023, ¶ 19 (alterations, internal quotation marks, and citation omitted). "Each of these factors is weighed either in favor of or against the [s]tate or the defendant, and then balanced to determine if a defendant's right to a speedy trial was violated." *Id*. ¶ 17. "No single *Barker* factor is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *State v. Taylor*, 2015-NMCA-012, ¶ 5, 343 P.3d 199 (internal quotation marks and citation omitted). Thus, in applying the *Barker* factors, we analyze each case in light of its own unique factual circumstances, deferring to the district court's findings of fact. *Id.*

## III.     Speedy Trial Analysis

**{9}**     The first step in our analysis is to determine whether the length of the pretrial delay is "presumptively prejudicial." *State v. Garza*, 2009-NMSC-038, ¶ 23, 146 N.M. 499, 212 P.3d 387 (internal quotation marks omitted). When the length of delay is "presumptively prejudicial," we must proceed to consider all of the *Barker* factors. *Id.* ¶ 21 (internal quotation marks omitted). The district court found below, and the State does not dispute, that this is a simple case. *See State v. Plouse*, 2003-NMCA-048, ¶ 42, 133 N.M. 495, 64 P.3d 522 (noting that we give deference to the district court's finding in determining the level of complexity), *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48.

**{10}**     In *Garza*, our Supreme Court adopted a one-year benchmark for determining when a simple case becomes presumptively prejudicial. *See* 2009-NMSC-038, ¶ 48. The delay in this case was two years and seven months from the filing of Defendant's notice of appeal to the district court, more than two and one-half times the twelve-month benchmark for presumptive prejudice in a simple case. Therefore, we proceed to analyze and weigh the *Barker* factors.

## A.     Length of Delay

**{11}**     We first consider the length of the delay, this time as one of the four *Barker* factors. *See Doggett v. United* States, 505 U.S. 647, 652 (1992) (noting that, once a defendant establishes a delay is presumptively prejudicial, "the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim"). "A delay that scarcely crosses the bare minimum needed to trigger judicial examination of the claim is of little help to a defendant claiming a speedy trial violation. Conversely, an extraordinary delay . . . weighs heavily in favor of a defendant's speedy trial claim." *Serros*, 2016-NMSC-008, ¶ 26 (internal quotation marks and citation omitted).

**{12}**     Our precedent suggests that delay approaching or exceeding twice the length of the presumptive period should be weighed heavily against the State. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶¶ 19, 20, 65, 327 P.3d 1129 (weighing heavily against the state a delay twice the presumptive period); *State v. Marquez*, 2001-NMCA-062, ¶ 12, 130 N.M. 651, 29 P.3d 1052 (weighing a delay more than twice the presumptive period heavily against the state); *See Taylor*, 2015-NMCA-012, ¶ 9 (A delay less than two months short of twice the presumptive period has been weighed heavily against the state.)

**{13}**     Here, the district court calculated that by the time it ruled on Defendant's motion, "[t]wo years, seven months, four weeks, and two days" had elapsed since the filing of the notice of appeal in district court. This delay is more than two and one-half times the twelve-month threshold for a simple case. We accordingly weigh the delay heavily against the State.

## B.     Reasons for Delay

**{14}** "Closely related to length of delay is the reason the government assigns to justify the delay," with "different weights [being] assigned to different reasons for the delay." *Garza*, 2009-NMSC-038, ¶ 25 (internal quotation marks and citations omitted). There are three types of delay that are attributable to the State: (1) deliberate attempts to delay the trial to thwart the defense (which weighs heavily against the state); (2) negligent or administrative delay (which weighs against the state, but not heavily); and (3) delay justified by a valid reason (which is treated neutrally). *Serros*, 2016-NMSC-008, ¶ 29. Delay caused by the court's heavy docket is counted as administrative delay, and weighs against the state, but not as heavily as the prosecution's deliberate or negligent delay. *Id.* ¶ 29; *see State v. Tortolito*, 1997-NMCA-128, ¶ 9, 124 N.M. 368, 950 P.2d 811 (holding that the trial court's backlog and docketing problems should be weighed against the state). "As the length of delay increases, negligent or administrative delay weighs more heavily against the [s]tate." *Serros*, 2016-NMSC-008, ¶ 29. "Finally, any delay caused by the defendant generally weighs against the defendant." *State v. Deans*, 2019-NMCA-015, ¶ 10, 435 P.3d 1280.

**{15}** The district court found that, there had been "no action by any parties in this matter since the filing of the notice of appeal other than the entries of appearance by Defendant's attorneys on March 2, 2017, and December 20, 2018." There were "no facts of evidence offered as to specific reasons for the delay." The district court found the delay "unreasonable."

**{16}** The State has the responsibility to bring a defendant to trial. *Cruz*, 2021-NMSC-015, ¶¶ 48-49. We infer from the extended length of time and the complete lack of activity of any sort by the prosecution that the State was utterly indifferent to its obligation to move the case to trial without unnecessary delay. Given the extraordinary length of the delay and the prosecution's apparent indifference, we weigh this factor heavily against the State.

## C. Assertion of the Right

**{17}** In evaluating the third *Barker* factor, we look to the "frequency and force" of Defendant's objections to the delay. *Garza*, 2009-NMSC-038, ¶ 32 (internal quotation marks and citation omitted). Even a single assertion by a defendant of the right to a speedy trial is sufficient for this factor to weigh at least somewhat in the defendant's favor. *Id.* However, to determine how heavily this factor should weigh, we assess the timing of a defendant's assertions of the right to a speedy trial, the manner in which the defendant asserted the right, and the actions taken by the defendant with regard to the delay. *Id.* We afford "relatively little weight" to pro forma assertions. *See State v. Urban*, 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061.

**{18}** In this case, the record shows that Defendant asserted her speedy trial rights three times. Two of them were pro forma assertions: her notice of appeal to the district court on March 2, 2017, and the demand to set trial include in the entry of appearance filed by her new counsel on December 20, 2018. The third was her motion to dismiss on

speedy trial grounds. There is no evidence in the record that Defendant contributed or acquiesced to the delay. We, therefore, weigh this factor slightly in favor of Defendant.

## D.    Prejudice

**{19}**    We turn next to the last *Barker* factor, prejudice to Defendant caused by the delay. "The 'heart' of the speedy trial right 'is preventing prejudice to the accused.'" *State v. Lujan*, 2015-NMCA-032, ¶ 20, 345 P.3d 1103 (quoting *Garza*, 2009-NMSC-038, ¶ 12). The right to a speedy trial seeks "to prevent oppressive pretrial incarceration; . . . minimize anxiety and concern of the accused; . . . and . . . limit the possibility that the defense will be impaired." *Serros*, 2016-NMSC-008, ¶ 84, (internal quotation marks and citation omitted).

**{20}**    Generally, the defendant has the burden of proof to show "particularized prejudice." *Id.* ¶ 86 (internal quotation marks and citation omitted). However, "'if the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [the] defendant has asserted his right and not acquiesced to the delay, then the defendant need not show prejudice for a court to conclude that the defendant's right has been violated.'" *Id.* ¶ 86 (quoting *Garza*, 2009-NMSC-038, ¶ 12). Because, in this case, the first two factors (length of the delay and the reason for the delay) weigh heavily against the State, and because Defendant did not contribute to or acquiesce in the delay (and indeed demanded a speedy trial three times), we conclude that Defendant had no obligation to make a showing of particularized prejudice.

**{21}**    The weight of this factor is increased, however, by Defendant's testimony as to prejudice caused by the long delay in this case. Defendant, a tribal member, testified that the criminal conviction in the magistrate court, which remained in place during the extended delay in the district court, made her ineligible for tribal housing, forcing her to live with relatives while her appeal in the district court was pending. Although not necessary to prevail on her speedy trial claim, Defendant's testimony during the trial showed ongoing prejudice attributable to the delay in the district court. We accordingly also weigh this factor slightly in Defendant's favor.

## CONCLUSION

**{22}**    Because the first two *Barker* factors weigh heavily against the State, and all four factors weigh at least slightly in Defendant's favor, we agree with the district court that Defendant's constitutional right to a speedy trial has been violated, and accordingly affirm the district court's dismissal of this matter and the vacation of the magistrate court judgment.

**{23}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**