This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38727**

**CITY OF RIO RANCHO,**

Plaintiff-Appellant,

v.

**JUDE N. SAIS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

City of Rio Rancho
Gina R. Manfredi, Assistant City Attorney
Rio Rancho, NM

for Appellant

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Defendant Jude N. Sais was convicted in Rio Rancho Municipal Court of one count of assault upon peace officers and one count of interference with officers, in violation of Rio Rancho (City) ordinances. Defendant appealed his convictions to the district court for a trial de novo. In the district court, the City refused to comply with the district court's pretrial order requiring the City to produce its witnesses for interviews by the defense thirty days prior to trial. Defendant moved to suppress the witnesses's testimony. The district court granted the motion, suppressing the testimony of the City's only two witnesses and dismissing the charges for lack of evidence.

**{2}** On appeal to this Court, the City contends that de novo proceedings in the district court are limited by Article VI, Section 27 of the New Mexico Constitution and the statutes and court rules implementing that section to a "*trial* de novo." We understand the City to contend that the district court lacks jurisdiction to order the City to produce a witness if that witness was previously interviewed in the municipal court proceedings by the defense. We do not agree.

**{3}** Anticipating our conclusion that the district court is authorized to enter a pretrial scheduling order requiring the City to produce its witnesses for defense interviews, including witnesses who were previously interviewed during the municipal court proceedings, and to enforce compliance with its pretrial order by imposing sanctions on the City, the City next contends reversal is nevertheless required because the district court failed to explain on the record the reasons for its imposition of such a severe sanction. We agree that the district court was required by our Supreme Court's decisions in *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, *State v. Le Mier*, 2017-NMSC-017, ¶ 20, 394 P.3d 959, and the Court's decision in *State v. Lewis*, 2018-NMCA-019, 413 P.3d 484, to explain on the record the manner in which it considered culpability, prejudice, and lesser sanctions, the three *Harper* factors. Absent an on-the-record explanation, we are required to reverse and remand to allow the district court to reconsider the sanctions imposed, and to explain its reasoning on the record for its choice of sanctions. We emphasize that we express no opinion on the appropriateness of the sanctions chosen by the district court. We simply hold that the record is insufficient to allow us to determine whether the sanctions imposed were a proper exercise of the district court's discretion.

## BACKGROUND

**{4}** Defendant was charged in Rio Rancho Municipal Court with one count of assault upon peace officers and one count of interference with officers, contrary to City ordinances, arising from an incident that occurred during a traffic stop on April 29, 2017.

**{5}** The City called the two police officers who performed the traffic stop as its only witnesses at Defendant's municipal court trial in May 2018. In preparation for trial in municipal court, the City produced the officers for pretrial interviews by the defense in September 2017 and in January 2018. Defendant was convicted of both counts in a municipal court trial not of record. He timely appealed to the district court.

**{6}** In the district court, the City, as required by Rule 5-501(A)(5) NMRA, designated the two police officers as its witnesses for Defendant's trial de novo. The district court conducted a pretrial hearing and entered a pretrial order, pursuant Rule 5-603 NMRA, requiring that pretrial interviews of witnesses be completed no later than thirty days before trial. The City did not object at the pretrial hearing to the terms of the pretrial order, nor did the City ever file an objection to the order.

**{7}** In accordance with the schedule set by the pretrial order, defense counsel made a timely request to the City attorney's office to schedule pretrial interviews of the two

officers. The City attorney's office replied with a formal form letter stating that it was the office's policy to refuse to schedule a pretrial interview when defense counsel had interviewed the witness previously in the municipal court proceedings. Defendant filed a motion to suppress the officers' testimony, citing the City's violation of the district court's pretrial order and arguing that reinterviewing the witnesses prior to the trial de novo was essential to the defense's trial preparation. The City admitted in its response to the motion to suppress that it refused to make its witnesses available for pretrial interviews as a matter of City policy. The City argued that it was not required to produce witnesses for defense interviews who had been interviewed during the municipal court proceedings because "[a]ppeals de novo specifically mean that the *trial* is held anew; not *all proceedings* are held anew" (emphasis added), and that, therefore, the district court lacked jurisdiction to enter a pretrial order requiring pretrial interviews or other pretrial proceedings de novo.

{8}     At a hearing on Defendant's motion to suppress held just prior to the start of the trial de novo, the City prosecutor contended, as she had in her written response to Defendant's motion that: (1) a defendant, in an appeal by trial de novo, is entitled by the New Mexico Constitution, and by statute, only to a new "trial," and not to new "pretrial proceedings"; (2) to the extent the rules of criminal procedure for the district court allow pretrial proceedings, they cannot be relied on to extend the district court's jurisdiction; and (3) the delay and expense to the City of requiring new interviews, given that defense counsel had both interviewed the City's witnesses before trial in the municipal court and cross-examined them at trial, is "unjustifiable." Counsel for the City admitted that she had deliberately violated the district court's pretrial order, that it is the practice of her office to deny pretrial interviews in appeals de novo when a witness had already been interviewed during the municipal court proceedings, and suggested that the court could find her in contempt of court, were it inclined to impose a sanction, instead of granting Defendant's suppression motion. The district court, however, entered an order suppressing the testimony of the two officers and dismissing the charges for lack of evidence. Other than finding that the City had violated the district court's pretrial order, the court did not explain its reasoning for imposing sanctions resulting in dismissal.

## DISCUSSION

### I.     The District Court Has Authority in a De Novo Appeal From Municipal Court to Conduct Pretrial Proceedings De Novo, Including Ordering the Prosecution to Produce Its Witnesses for a Second Interview by the Defense

{9}     On appeal, the City argues that there is no constitutional or statutory authority, and no precedent, requiring de novo *pretrial* proceedings in an appeal from a municipal court conviction. The City relies primarily upon the plain language of the constitutional and statutory provisions, which use the term "trial de novo" or require the case to be "tried anew," and do not specifically state that the district court shall or may conduct "all proceedings de novo." The City argues that, had the Legislature intended to require the district court to conduct pretrial proceedings de novo, the Legislature could easily have

said "all proceedings de novo," or "all pretrial proceedings de novo." We are not persuaded.

**{10}** "The right to appeal is a matter of substantive law created by constitutional or statutory provision." *State v. Cruz*, 2021-NMSC-015, ¶ 31, 486 P.3d 1 (emphasis, alteration, internal quotation marks, and citation omitted). We review de novo the interpretation of constitutional and statutory provisions. *State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415. In interpreting the Constitution, the rules of statutory construction "apply equally to constitutional construction." *State ex rel. Richardson v. Fifth Jud. Dist. Nominating Comm'n*, 2007-NMSC-023, ¶ 17, 141 N.M. 657, 160 P.3d 566. "The most important consideration for us is that we interpret the constitution in a way that reflects the drafters' intent." *State v. Lynch*, 2003-NMSC-020, ¶ 24, 134 N.M. 139, 74 P.3d 73. "Our interpretation of the Constitution must not be too literal, for it is our duty to give effect to the spirit and intent of the Constitution's framers." *State v. Ball*, 1986-NMSC-030, ¶ 16, 104 N.M. 176, 718 P.2d 686.

**{11}** Article VI, Section 27 of the New Mexico Constitution (1966)[1], the provision in effect at the time this case was filed, granted district courts exclusive jurisdiction on appeal from judgments of the inferior courts, including from convictions of criminal offenses in both municipal and magistrate courts. Article VI, Section 27 of the New Mexico Constitution provided, in relevant part, that "in all such appeals, trial shall be had de novo unless otherwise provided by law." NMSA 1978, Section 39-3-1 (1955) provides: "All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law." NMSA 1978, Section 35-15-10 (1959) provides: "All trials upon appeals by a defendant from the municipal court to the district court for violations of municipal ordinances shall be de novo and shall be tried before the court without a jury."

**{12}** Article VI, Section 27 of the New Mexico Constitution, and the statutory provisions implementing that constitutional provision, together give an aggrieved party the right to appeal to the district court from a municipal court judgment. *See Ball*, 1986-NMSC-030, ¶ 23 ("We view [the statutory provisions] governing [inferior] courts . . . as restatements of a continuous, consistent interpretation of the right of appeal guaranteed by N.M. Const. art. VI, Section 27"). This Court has previously defined the term "trial de novo" as used in Article VI, Section 27 of the New Mexico Constitution, relying on *Black's Law Dictionary*, as "'[a] new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance.'" *State v. James*, 2017-NMCA-053, ¶ 3, 399 P.3d 930 (quoting *Black's Law Dictionary* 1737 (10th ed. 2014)); *see also City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 9, 311 P.3d 446 ("In a de novo appeal, the general rule is that a district court conducts a new trial as if the trial in the lower court had not occurred."); *Cruz*, 2021-NMSC-015, ¶ 48 (noting that a defendant's appeal from an inferior court not of record to the district court "begins the trial process anew"). In our Supreme Court's decision in *Piñon-Garcia*, the Court approved the application in appeals for a trial de

---

1References to N.M. Const. art. VI, Section 27 in this opinion are to the provision adopted by the voters in 1966, unless otherwise noted.

novo of the district court rule allowing "[a]ny defense, objection or request which is capable of determination without a trial on the merits [to] be raised before trial by motion." 2013-NMSC-46, ¶ 9 (alteration, internal quotation marks, and citation omitted).

**{13}** In its argument on appeal, the City ignores these long-standing definitions of the term "trial de novo," claiming, without citation to authority, that the plain meaning of the phrase "trial de novo" requires only the "trial" itself be conducted anew. The City's argument conflicts with our appellate courts' expansive definition of "trial de novo," requiring all issues, both of fact and law, to be decided "as if there were no trial below." There is no record of the testimony in the municipal court. The requirement that the trial be conducted anew, both as to questions of fact and issues of law, as if no trial had been conducted below, frees the prosecution and defense on appeal from the constraints of their trial strategy in the municipal court, allowing either party to call different or additional witnesses, to introduce documents not relied on in the municipal court trial, and to ask different questions of witnesses who testified in municipal court. Even if the prosecution or defense strategy remains the same, witnesses are not bound to repeat their earlier testimony. Memories fade, and events clearly remembered at a municipal court trial may be forgotten; something that slipped a witness's mind at the municipal court trial, or which was not raised by the questioning, may subsequently be remembered. A witness's understanding of the events may change over time.

**{14}** When a trial is required to be conducted, on both facts and law, "as if there had been no trial in the first instance," pretrial proceedings are essential to prepare for trial, to resolve questions of law that can be addressed pretrial, and to prevent surprise. The plain language of Article VI, Section 27 of our New Mexico Constitution, the statutes implementing its terms, and our case precedent, thus, do not support the contention of the City that the district court must conduct the pretrial proceedings in the district court in preparation for a trial de novo differently than provided by the court's normal pretrial rules and procedures. Where the prosecution believes that a procedure ordered by the district court is unnecessary under the circumstances of a particular case, the rules of criminal procedure provide avenues for objection. Disregarding a court order is not one of them. *Piñon-Garcia,* 2013-NMSC-046, ¶ 9.

## II. The District Court Failed to Adequately Develop the Record With Respect to the Basis for Its Sanctions Decision

**{15}** Having determined that the district court had jurisdiction to enter and to enforce its order requiring pretrial interviews of the City's witnesses, we next turn to whether the district court abused its discretion when it imposed the severe sanction of suppression of the City's witnesses, necessitating dismissal of the charges. We are unable to review that decision on the merits, however, because of an inadequately developed record as to the reasoning of the district court in deciding to grant these severe sanctions.

**{16}** In *Harper*, the Supreme Court held that when deciding whether to impose a severe sanction for a discovery violation, such as the suppression of witness testimony and dismissal at issue in this case, the district court must consider three factors: (1) the

culpability of the offending party; (2) the prejudice to the adversely affected party; and (3) the availability and appropriateness of lesser sanctions. 2011-NMSC-044, ¶ 15. In *Le Mier*, the Supreme Court clarified that it is not necessary that all three *Harper* factors weigh in favor of the sanction; that a severe sanction may be warranted "to maintain the integrity and schedule of the court even though the defendant may not be prejudiced." *Le Mier*, 2017-NMSC-017, ¶ 20. *Le Mier* also held that when a party fails to comply with a court order to provide discovery within a given time frame, "failure to comply with that order causes prejudice both to the opposing party and to the court," and that a district court "is not obligated to consider every conceivable lesser sanction before imposing witness exclusion." *Id.* ¶¶ 25-27. Finally, the Supreme Court emphasized the severity of the sanction of witness exclusion, and cautions that it "should be utilized as a sanction of last resort[,]" *id.* ¶ 21, and only after all of the circumstances are weighed "with practical wisdom and due care[,] *id.* ¶ 20, by the district court.

**{17}** While district courts have considerable discretion in weighing these factors, the Supreme Court has made clear a district court has an obligation to "explain [its] decision to exclude or not to exclude a witness within the framework articulated in *Harper*." *Le Mier*, 2017-NMSC-017, ¶ 20. As we held in *State v. Lewis*, 2018-NMCA-019, ¶¶ 16, 18, 413 P.3d 484, when a district court fails to explain its sanction decision in terms of the *Harper* factors, the record is inadequate for this Court to make a substantive review of the district court's exercise of its discretion, and we must reverse and remand for further development of the record.

**{18}** This is such a case. The only *Harper* factor that the district court relies on at hearing and in the court's written decision suppressing the evidence is the culpability of the City. The district court notes that its order was plainly violated and that the violation could not be excused by the mere fact that the officers no longer worked for the City police force. As to the second *Harper* factor, prejudice to the Defendant, defense counsel presented evidence of his need for updated interviews, the City argued that the interviews in municipal court were adequate, and pointed to the burden on it to produce witnesses who no longer worked for the City's police force. The district court did not explain on the record either whether it credited the prejudice claimed by the defense or whether it considered ways to reduce the prejudice short of sanctioning the City. The third *Harper* factor, whether lesser sanctions are sufficient, was raised by the City attorney. She asked the district court to find her in contempt of court. The request was denied without comment by the district court.

**{19}** In this case, as in *Lewis*, we find that the record before us, while including some relevant information about the circumstances, does not give us the necessary information about how the district court weighed this information in assessing the *Harper* factors. *See Lewis*, 2018-NMCA-019, ¶ 12. The decision to impose sanctions and the choice of a sanction to impose is a matter within the discretionary power of the district court, with the admonition that this power should be exercised "with practical wisdom and due care." *Le Mier*, 2017-NMSC-017, ¶ 20. What sanction is necessary "to ensure the integrity of the judicial system and the efficient administration of justice," under the particular circumstances must be decided by the district court in the first

instance. *Id.* ¶ 19. The role of an appellate court is to review the district court's reasoning, and ensure that the court did not abuse its discretion. To accomplish that review, rather than usurping the role of the district court, we must be provided with the reasons behind the court's evaluation of each *Harper* factor and the court's reasoning in weighing the three factors. Because we have not been provided with this information, we reverse and remand to allow the district court to further develop the record. We make no determination on the merits as to whether the district court abused its discretion in suppressing the testimony of both City witnesses, and dismissing the charges.

**CONCLUSION**

**{20}** We reverse the district court's order of suppression and dismissal, and remand for further proceedings consistent with this opinion.

**{21} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**