This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38456**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**GWENDOLYN LEE DONAHOO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** The State appeals the order of the district court vacating Defendant Gwendolyn Lee Donahoo's misdemeanor convictions in the magistrate court, and dismissing her de novo appeal on speedy trial grounds. The district court concluded that Defendant's

constitutional right to a speedy trial[1] was violated by a twenty-month delay in bringing her simple case to trial in the district court.

**{2}** We first reject the State's invitation to disregard, as dictum, the holding of our Supreme Court in *State v. Cruz*, that a defendant who appeals to the district court for a trial de novo from an inferior court not of record has a constitutional right to a speedy trial. 2021-NMSC-015, ¶¶ 48-49, 486 P.3d 1. We agree with the State, however, that Defendant's right to a speedy trial was not violated in this case. Defendant made no showing of particularized prejudice, and the remaining factors do not weigh heavily in Defendant's favor. We, therefore, reverse and remand for trial.

**BACKGROUND**

**{3}** Defendant was convicted in the Lincoln County Magistrate Court of three misdemeanors: driving while intoxicated, possession of an open container, and failure to maintain a traffic lane. The three counts arose from an incident that occurred on January 5, 2017. The magistrate court entered judgment on August 7, 2017, and Defendant filed her notice of appeal in the district court on that same date. Defendant's notice of appeal included a request for a trial setting within six months.

**{4}** The State promptly fulfilled its initial disclosure obligations and, between August 18, 2017 and February 9, 2018, filed four requests for a trial setting. On April 26, 2018, the district court set the case for trial on June 27, 2018, well within one year of the filing of the notice of appeal. At a June 15, 2018 pretrial conference, the State indicated that it was ready for trial. The June 27th trial date was vacated, however, so that the court could try a higher priority case. No new trial date was scheduled.

**{5}** On July 5 and August 20, 2018, the State again filed requests for a trial setting. On December 20, 2018, three additional public defenders entered their appearance for Defendant. The entry of appearance included form notices of intent to call witnesses for the defense, a discovery demand, and a speedy trial demand. Three months later, in March 2019, the district court set a new trial date for May 8, 2019.

**{6}** A week before the trial date, on May 1, 2018, Defendant filed a memorandum arguing that she had a right to a jury trial. At the same time, Defendant filed a motion to dismiss on speedy trial grounds. Rather than proceeding with trial on May 8, 2019, the district court scheduled a hearing on Defendant's motions. At the hearing, Defendant withdrew her motion for a jury trial and proceeded on her speedy trial motion alone. The district court granted the motion to dismiss on speedy trial grounds on May 14, 2019.

---

[1]"The right of the accused to a speedy trial is guaranteed by both the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution." *State v. Spearman*, 2012-NMSC-023, ¶ 16, 283 P.3d 272.

**{7}** The State filed a motion to reconsider, renewing its claim that it was Defendant's burden to bring the case to trial, rather than the State's. The district court denied the State's motion for reconsideration. The State then timely appealed to this Court.

## DISCUSSION

### I. This Court Is Bound by Our Supreme Court's Holding in *Cruz*

**{8}** The State argued in its initial brief in this Court that a defendant who files an appeal to district court from an inferior court not of record seeking a de novo trial has no right to a speedy trial in the district court. The State claimed that a defendant in an appeal to the district court should be treated as a convicted appellant who has the burden to move the appeal forward to trial.

**{9}** After the State's initial brief was filed in this Court, our Supreme Court decided *Cruz*. 2021-NMSC-015, ¶¶ 48-49. *Cruz* clarifies that "[a]fter an appeal is properly filed [from an inferior court not of record to the district court] the defendant retains the right to a speedy trial and the state retains the burden to bring the case to trial de novo in a timely manner." *Id.* ¶ 49.

**{10}** In its reply brief in this Court, the State acknowledged the intervening Supreme Court decision in *Cruz* and withdrew its argument that the defendant, rather than the state, is responsible for bringing the case to trial timely. The State continues to argue in this Court, however, that a defendant who files a de novo appeal in the district court has no right to a speedy trial under either the United States or the New Mexico Constitution. The State characterizes the holding of *Cruz*—that a defendant in a de novo appeal to the district court has a constitutional right to a speedy trial—as dictum and claims that this Court is not bound by the Supreme Court's holding but is "free to give whatever persuasive value it sees fit to the dict[um] in *Cruz* that the speedy trial clause applies to a defendant's de novo appeal in district court." We do not agree that our Supreme Court's holding in *Cruz* is dictum. The Court in *Cruz* was required to determine whether the district court erred in dismissing the defendant's appeal based on the defendant's failure to timely bring his case to trial. *Cruz* holds that a defendant had a constitutional right to a speedy trial, and that, therefore, the state, and not the defendant, was responsible for bringing the case to trial. *Id.* ¶¶ 48-49. On this basis, the Court overturned the dismissal. Because the Court's conclusion that the defendant had a constitutional right to a speedy trial was essential to the full resolution of the case, we are bound by *Cruz's* holding. We accordingly proceed to address whether Defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution was violated. *See Spearman*, 2012-NMSC-023, ¶ 16.

### II. Standard of Review

**{11}** We consider the four factors set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), in our analysis of a speedy trial claim: "(1) the

length of delay in bringing the case to trial, (2) the reasons for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant caused by the delay." *State v. Serros*, 2016-NMSC-008, ¶ 5, 366 P.3d 1121. "[W]e give deference to the district court's factual findings, but we review the weighing and the balancing of the *Barker* factors de novo." *Spearman*, 2012-NMSC-023, ¶ 19 (alterations, internal quotation marks, and citation omitted). "Each of these factors is weighed either in favor of or against the [s]tate or the defendant, and then balanced to determine if a defendant's right to a speedy trial was violated." *Id.* ¶ 17. "No single *Barker* factor is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *State v. Taylor*, 2015-NMCA-012, ¶ 5, 343 P.3d 199 (internal quotation marks and citation omitted). Thus, in applying the *Barker* factors, we analyze each case in light of its own unique factual circumstances, deferring to the district court's findings of fact. *Id.*

## III. Speedy Trial Analysis

**{12}** The first step in our analysis is to determine whether the length of pretrial delay is "presumptively prejudicial." *State v. Garza*, 2009-NMSC-038, ¶ 23, 146 N.M. 499, 212 P.3d 387. When the length of delay is "presumptively prejudicial," we must proceed to consider all of the *Barker* factors. *Id.* ¶ 21. The district court found, and the State does not dispute, that this is a case of simple complexity. *State v. Plouse*, 2003-NMCA-048, ¶ 42, 133 N.M. 495, 64 P.3d 522 (noting that we give deference to the district court's finding in determining the level of complexity). In *Garza*, our Supreme Court adopted a one-year benchmark for determining when a simple case becomes presumptively prejudicial. *See Garza*, 2009-NMSC-038, ¶ 48.

**{13}** The May 8, 2018 date set for Defendant's trial to actually go forward was twenty months and twenty days after the filing of Defendant's notice of appeal to the district court, well past the twelve-month benchmark for presumptive prejudice in this simple case. Because there is presumptive prejudice, we proceed to analyze and weigh the *Barker* factors.

## A. Length of Delay

**{14}** We first consider the length of the delay, this time as one of the four *Barker* factors. *See Doggett v. United States*, 505 U.S. 647, 652 (1992) (noting that, once a defendant establishes a delay is presumptively prejudicial, "the court must then consider as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim"). "A delay that scarcely crosses the bare minimum needed to trigger judicial examination of the claim is of little help to a defendant claiming a speedy trial violation. Conversely, an extraordinary delay . . . weighs heavily in favor of a defendant's speedy trial claim." *Serros*, 2016-NMSC-008, ¶ 26 (internal quotation marks and citation omitted).

**{15}** Our precedent suggests that a delay approaching or exceeding twice the length of the presumptive period should be weighed heavily against the State. *State v. Vigil-Giron*, 2014-NMCA-069, ¶¶ 19, 65, 327 P.3d 1129 (weighing heavily against the state a delay twice the presumptive period); *State v. Marquez*, 2001-NMCA-062, ¶ 12, 130 N.M. 651, 29 P.3d 1052 (weighing a delay more than twice the presumptive period heavily against the state). A delay less than two months short of twice the presumptive period has been weighed heavily against the state. *Taylor*, 2015-NMCA-012, ¶ 9.

**{16}** The more than twenty-month delay in this simple case falls on the edge of the time period found to weigh heavily against the State. A delay of eight months past the twelve-month period is not quite twice the time period. We therefore weigh it against the State.

## B.    Reasons for Delay

**{17}** "Closely related to length of delay is the reason the government assigns to justify the delay," with "different weights [being] assigned to different reasons for the delay." *Garza*, 2009-NMSC-038, ¶ 25 (internal quotation marks and citation omitted). There are three types of delay that are attributable to the State: (1) deliberate attempts to delay the trial to thwart the defense (which weighs heavily against the state); (2) negligent or administrative delay (which weighs against the state, but not heavily); and (3) delay justified by a valid reason (which is treated neutrally). *Serros*, 2016-NMSC-008, ¶ 29. Delay caused by the court's heavy docket is counted as administrative delay, and weighs against the state, but not as heavily as delay caused deliberately or negligently by the prosecution. *Id.* ¶ 29; *State v. Tortolito*, 1997-NMCA-128, ¶ 9, 124 N.M. 368, 950 P.2d 811 (holding that the district court's backlog and docketing problems should be weighed against the state). "As the length of delay increases, negligent or administrative delay weighs more heavily against the [s]tate." *Serros*, 2016-NMSC-008, ¶ 29. "Finally, any delay caused by the defendant generally weighs against the defendant." *State v. Deans*, 2019-NMCA-015, ¶ 10, 435 P.3d 1280.

**{18}** During the delay from August 7, 2017 (the filing of the appeal) to June 15, 2018 (the pretrial hearing), the State filed four requests for a trial setting. This period of delay appears to have been caused by a combination of the court's docket and the turnover rates in both the district attorney's and public defender's offices, which the court found contributed to the delay. The court's findings of fact on the causes of the delay are not challenged, and we therefore accept them. Delay due to the court's docket and to turnover rates in the district attorney's and public defender's offices are alike treated by our case law as administrative delays, which weigh against the State, but not heavily.

**{19}** Defendant's case was set for trial within the presumptive period, on June 27, 2018, but the trial setting was vacated shortly before the trial to allow the district court to try a higher priority case. This again is administrative delay, attributable to the State but not heavily. *Serros*, 2016-NMSC-008, ¶ 29 (stating that we generally do not weigh administrative and negligent delay heavily against the state.).

**{20}** After the first trial date was vacated, the State filed two additional requests for trial settings, on July 5, 2018 and August 20, 2018. It is not clear from the record why, when the original June 27, 2018 trial date was vacated by the district court, a new trial date was not immediately scheduled, or why the court did not respond to the State's requests for a setting.

**{21}** Then, on December 20, 2018, new defense attorneys entered an appearance on behalf of Defendant and included a speedy trial demand in the entry of appearance. The district court did not respond to these additional requests from both parties to set trial until March 27, 2019, which was more than a year and a half since the first request to set a trial date, and more than nine months since the district court had vacated the previous trial date. The district court set a new trial date of May 8, 2019.

**{22}** At the May 8, 2019 hearing on Defendant's motion to dismiss on speedy trial grounds, the district court assumed responsibility for the delays, and expressed frustration at the length of time an oversight by the court had allowed such a simple case to linger without going to trial. There is no suggestion, however, that the court was indifferent to its obligation to bring a simple case to trial. Although the district court blamed itself for the failure to try a first offense driving while intoxicated case in less than twenty months, we do not agree that this administrative delay, which the court attributed partly to its own heavy docket and partly to the high turnover in the district attorney's office and the public defender's office, should be weighed heavily against the State, where there is no evidence of inexcusable indifference by either the prosecution or the district court. *Taylor*, 2015-NMCA-012, ¶ 16 (inexcusable indifference by the state can justify weighing administrative or negligent delay more heavily). We, therefore, weigh this factor moderately, but not heavily, against the State.

## C.    Assertion of the Right

**{23}** In evaluating the third *Barker* factor, we look to the "frequency and force" of Defendant's objections to the delay. *Garza*, 2009-NMSC-038, ¶ 32 (internal quotation marks and citation omitted). Even a single assertion by a defendant of the right to a speedy trial is sufficient for this factor to weigh at least somewhat in the defendant's favor. *See id.* However, to determine how heavily this factor should weigh, we assess the timing of a defendant's assertions of the right to a speedy trial, the manner in which the defendant asserted the right, and the actions taken by the defendant with regard to the delay. *See id.* We afford "relatively little weight" to pro forma assertions. *See State v. Urban*, 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061.

**{24}** In this case, the district court incorrectly held that Defendant asserted her right to a speedy trial only once, in her motion to dismiss on May 1, 2019, and accordingly weighed this factor against Defendant. Our review of the record shows that Defendant asserted her speedy right three times. The additional two times were in pro forma assertions: in her notice of appeal to the district court, and in the entry of appearance filed by her new counsel on December 20, 2018. Accordingly, we weigh Defendant's assertion of her speedy trial right slightly in her favor.

**D.    Prejudice**

**{25}**    We turn next to the last *Barker* factor, prejudice to Defendant caused by the delay. "The 'heart' of the speedy trial right 'is preventing prejudice to the accused.'" *State v. Lujan*, 2015-NMCA-032, ¶ 20, 345 P.3d 1103 (*quoting Garza*, 2009-NMSC-038, ¶ 12). The right to a speedy trial seeks "to prevent oppressive pretrial incarceration; . . . minimize anxiety and concern of the accused; . . . and . . . limit the possibility that the defense will be impaired." *Serros*, 2016-NMSC-008, ¶ 84 (internal quotation marks and citation omitted).

**{26}**    Generally, the defendant has the burden to show "particularized prejudice." *Id.* ¶ 86 (internal quotation marks and citation omitted). However, "if the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [the] defendant has asserted his right and not acquiesced to the delay, then the defendant need not show prejudice for a court to conclude that the defendant's right has been violated." *See id.* (internal quotation marks and citation omitted); *see also State v. Ochoa*, 2017-NMSC-031, ¶ 55, 406 P.3d 505 (noting that prejudice can be presumed without affirmative proof in some circumstances).

**{27}**    When analyzing prejudice to the defendant, we focus on the three interests identified by the United States Supreme Court as protected by the right to a speedy trial: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern and of the accused; and (3) limiting the possibility that the defense will be impaired by the delay. *See Garza*, 2009-NMSC-038, ¶ 35. "We examine these interests in light of the specific facts and circumstances of each case." *Ochoa*, 2017-NMSC-031, ¶ 48.

**{28}**    In this case, Defendant was not incarcerated during the pendency of the proceedings and made no argument or showing that her defense was impaired by the delay. Instead, Defendant argues that she suffered prejudice through loss of employment opportunities, stress, and anxiety. To support a claim of prejudice based on anxiety or stress, a defendant must specifically show that their anxiety, concern, and disruption of life is greater than or different from the general anxiety and concern that would likely befall any individual awaiting trial on criminal charges. *See State v. Prieto-Lozoya*, 2021-NMCA-019, ¶ 48, 488 P.3d 715. Although alleging stress and anxiety, Defendant made no showing that her anxiety or stress exceeded that which would ordinarily be expected in any criminal prosecution, regardless of the length of time it continued. The district court therefore properly found that there was no evidence of prejudice based on undue anxiety or stress.

**{29}**    Specific evidence of lost employment and lack of employment opportunity can be sufficient to show the kind of particularized and undue prejudice that satisfies this fourth factor of the *Barker* analysis. *See, e.g., State v. Vigil-Giron*, 2014-NMCA-069, ¶¶ 51-56 (holding that the defendant's testimony that she submitted over 150 job applications, to no avail, during the pendency of her trial, was sufficient to establish "forms of prejudice that the speedy trial right is intended to curtail"); *see also Spearman*, 2012-NMSC-023, ¶ 38 (holding that evidence of the loss of three jobs during the pendency of the case

and inability to work in one's licensed profession are together sufficient to establish the kind of particularized prejudice that the speedy trial right is intended to curtail).

**{30}** In this case, Defendant failed to present evidence that she had actually lost or been denied employment due to the prolonged pendency of the charges against her. The district court found that Defendant, through counsel, proffered that "she lost the possibility of employment and certification as a [l]icensed [a]lcohol and [d]rug [a]ddiction [c]ounselor while this matter has been pending," as well as "the possibility of employment as a financial advisor." Defendant's proffer included no evidence that Defendant was actually qualified for employment as a financial advisor or a drug counselor, or that she had applied for a position and been turned down due to the pendency of the charges against her. Even assuming (without deciding) that evidence of prejudice could properly be introduced through a proffer, rather than testimony, exhibits or an affidavit, the proffer establishes only the loss of a mere "possibility" of a job in a particular field. Such speculation is not sufficient to establish the particularized prejudice that the speedy trial right is intended to limit. *See Jackson v. Ray*, 390 F.3d 1254, 1264 (10th Cir. 2004) (stating that "[t]he burden of showing all types of prejudice lies with the individual claiming the violation and the mere possibility of prejudice is not sufficient" (internal quotation marks and citation omitted)); *accord Ochoa*, 2017-NMSC-031, ¶ 53. We therefore do not agree with the district court's conclusion that any prejudice established by Defendant was the particularized, undue prejudice required by the *Barker* analysis. We accordingly decline to weigh factor four against the State.

### E.    Balancing the *Barker* Factors

**{31}** We weigh the *Barker* factors as follows: factor one weighs moderately to heavily against the State. Factor two weighs moderately against the State. Factor three weighs only slightly in Defendant's favor and against the State. Factor four does not weigh against the State. These factors, weighed together, are not sufficient to establish that Defendant's right to a speedy trial was violated. Where a defendant fails to establish particularized prejudice, as is the case here, the speedy trial factors will support dismissal only where the first two factors weigh heavily against the state and the defendant has not acquiesced in the delay. Although Defendant has not acquiesced in the delay, the first two factors here do not weigh heavily against the State under our speedy trial analysis, we therefore reverse the district court's dismissal on speedy trial grounds and remand for trial.

### CONCLUSION

**{32}** We accordingly reverse and remand to the district court for proceedings consistent with this opinion.

**{33}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**