1998-NMCA-013

951 P.2d 1076

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Lawrence KRAUSE, Defendant– Appellant.**

**No. 17796.**

Court of Appeals of New Mexico.

Dec. 15, 1997.

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Phyllis H. Subin, Chief Public Defender, Susan Roth, Assistant Appellant Defender, Santa Fe, for Defendant–Appellant.

*OPINION*

ALARID, Judge.

1. Defendant appeals a judgment of the district court in an on-record appeal from the metropolitan court. He contends that the district court erred in refusing to allow him a de novo appeal. We agree and reverse and remand to the district court for a de novo appeal.

2. Defendant was charged in metropolitan court with driving while intoxicated, eluding an officer, and reckless driving. Because of the charge of driving while intoxicated, the trial in metropolitan court was on the record. At the close of the State's case-in-chief, a directed verdict on the charge of driving while intoxicated was granted and Defendant was convicted of eluding an officer and reckless driving. Defendant appealed this conviction to district court. His demand for a de novo appeal was denied. The appeal proceeded on the record and the conviction was

upheld. Thereafter, Defendant appealed to this Court.

3. The issue on appeal is a legal one, as to whether or not Defendant was entitled to a de novo appeal in district court. Therefore, our review of the legal issue presented is de novo and we need not give deference to the lower court's decision. *State v. Romero*, 119 N.M. 195, 197, 889 P.2d 230, 232 (Ct.App. 1994). In reviewing whether Defendant is entitled to a de novo appeal, we examine Article VI, Section 27 of the New Mexico Constitution, NMSA 1978 § 34–8A–6(C) (1993), and the provisions of Supreme Court Rule 7–703(J), NMRA 1997. Article VI, Section 27 of our state constitution provides: "Appeals shall be allowed in all cases from the final judgments and decisions of . . . inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law." Section 34–8A–6(C) states that "[t]he metropolitan court is a court of record for criminal actions involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence." This section goes on to state that "[a]ny party aggrieved by a judgment rendered by the metropolitan court in a criminal action involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence may appeal to the district court[.]" Section 34–8A–6(C). Supreme Court rules shall set forth the manner and method of that appeal. Subsection D provides that the metropolitan court is not a court of record for all other criminal actions and that a person aggrieved by a judgment rendered in these actions may appeal to district court. In such case, the appeal is de novo.

4. Pursuant to the mandate of Section 34–8A–6(C), the Supreme Court adopted rules providing for appeals from metropolitan court to district court. Rule 7–703, NMRA 1997, describes the right and procedure for appeal from metropolitan court to district court. It defines the record on appeal and provides the procedure for perfecting the appeal. The rule further acknowledges the difference between an appeal on the record and appeals de novo: "[e]xcept as otherwise provided by law for appeals from driving while under the influence and domestic violence offenses, trials upon appeals from the metropolitan court to the district court shall be de novo." Rule 7–703(J).

5. Thus, it is clear that there are three types of criminal actions heard in metropolitan court, those involving driving while intoxicated and domestic violence and all others. For those actions involving driving while intoxicated and domestic violence, the metropolitan court is a court of record and defendants convicted of these offenses may only take an on record appeal to the district court. Defendants convicted of any other offenses in metropolitan court may appeal to district court and receive a trial de novo.

6. What happens, however, when a defendant is charged with a number of criminal offenses including driving while intoxicated or domestic violence? Clearly, the trial in metropolitan court is a trial on the record, since a driving while intoxicated or domestic violence action is involved. Likewise, if the defendant is convicted of all the offenses including the driving while intoxicated or domestic violence offenses, his appeal to district court will be on the record made in the metropolitan court. But, what happens when a defendant is acquitted of the driving while intoxicated or domestic violence charge, and convicted of the other criminal charges? Is his appeal governed solely by the type of trial he received in metropolitan court, or is it governed by the crime of which he was convicted?

7. We believe that the statute and rules intend the appeal to be governed by the crime of which defendants are convicted rather than the type of trial in metropolitan court. This intent is evidenced by the fact that the type of crime charged governs the procedure of the trial. The statute states that the metropolitan court is a court of record only for driving while intoxicated crimes and domestic violence crimes. The statute further provides that "[a]ny party aggrieved by a judgment . . . in a criminal action involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence may appeal" in the manner provided for by Supreme Court rule. Section 34–8A–6(C). The State argues that

the language of the statute, "criminal action involving", does not limit the appeal to the crime of which Defendant was convicted. Rather, it argues, the appeal is governed by the charging document, by the type of trial received in metropolitan court. We disagree.

■ 8. The State focuses on both the statute's and the rule's failure to use the term "conviction" when talking about appeals. It argues that using the terms "criminal action" and "offense" means that the original charging document governs the appeal. This ignores the fact that an appeal can only be taken when a party is aggrieved by the judgment. Thus, a defendant can only appeal when there is a conviction. *See State v. Ball,* 104 N.M. 176, 183, 718 P.2d 686, 693 (1986). In determining what kind of appeal a defendant is entitled to, we must view the conviction, not the charging document.

9. The legislature intended to limit the type of appeal to which a person convicted of driving while intoxicated or domestic violence action was entitled. The legislature did not want the victim of domestic violence to be required to testify twice. *See State ex rel. Schwartz v. Sanchez,* 1997 NMSC 021, ¶ 9, 123 N.M. 165, 936 P.2d 334. Legislative reform of this state's laws relating to the prosecution and punishment of DWI and domestic violence offenders includes measures such as those embodied in Section 34–8A–6 for expediting appeals in such cases. *Cf. Johnson v. Southwestern Catering Corp.,* 99 N.M. 564, 565, 661 P.2d 56, 57 (Ct.App.1983) (standard of review in on record appeal from metropolitan court is sufficiency of the evidence to support the findings of the metropolitan court).

10. We do not believe that the intent to limit the right to a de novo appeal should be expanded to include other crimes simply because they were charged at the same time as driving while intoxicated or domestic violence. If a defendant is not convicted of a driving while intoxicated charge or a crime under the Family Violence Protection Act, he is entitled to a de novo appeal. Rule 7–703(J).

11. The State argues that this interpretation will allow for bifurcated appeals. We disagree. If a defendant is convicted of driving while intoxicated or domestic violence along with other crimes, the appeal will be on the record. The State further argues that it is absurd to allow a de novo appeal in a case that was tried on the record. We fail to see why. Simply because a case was tried on the record below does not mean that an appeal cannot be heard de novo.

12. Our determination here is consistent with a recent amendment to the metropolitan court rules which makes clear what we have held here.

> If the defendant appeals from the conviction of more than one offense one or more of which is an on the record conviction and one or more of which is a *de novo* appeal conviction, the appeal of all convictions shall be on the record. Unless the defendant appeals an on the record conviction, the appeal shall be a *de novo* appeal even though the proceedings have been recorded.

Rule 7–705(A), NMRA 1997 (effective Sept. 2, 1997). We do not believe that this amendment changes the law, but simply clarifies the procedure for appeals from the metropolitan court.

13. We reverse the judgment upholding the metropolitan court conviction and remand to the district court for a trial de novo on the eluding an officer and reckless driving charges.

14. **IT IS SO ORDERED.**

HARTZ, C.J., and DONNELLY, J., concur.