This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROBERT BERNSTEIN,**

Plaintiff-Appellee,

**v.**                                                   **No. 33,759**

**GARY GAFFNEY and**
**BECKY GAFFNEY,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Robert Bernstein
Albuquerque, NM

Pro Se Appellee

Gary Gaffney
Becky Gaffney
Albuquerque, NM

Pro Se Appellants

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Gary Gaffney and Becky Gaffney (Defendants) appeal from the district court's order dismissing their appeal from an on-record metropolitan court judgment of

restitution under the Owner-Residents Relations Act. [RP 24] This Court's calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition to the calendar notice. [MIO, top document] After due consideration, however, we affirm.

**DISCUSSION**

{2}     In the memorandum, Defendants argue that they were denied due process in the metropolitan court on the merits, in the district court when it dismissed their appeal, and now in this Court because we propose to affirm the district court's dismissal. [MIO, top document] We remain unpersuaded.

{3}     Initially, we note that Defendant's memorandum does not address the analysis or any of the authorities set forth in the calendar notice. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (holding that the opposing party must come forward and specifically point to error in fact or in law in the proposed disposition). Second, we remain persuaded that the calendar notice analysis, and the authorities cited therein, including the rules promulgated by the Supreme Court, support affirmance of the district court's decision to dismiss Defendants appeal in accordance with applicable law. *See, e.g.*, *Pierce v. State*, 1996-NMSC-001, ¶¶ 17, 52, 55, 121 N.M. 212, 910 P.2d 288 (courts look to statutes as the state law that determines the vested rights created and defined by the legislative intent, rights which

are then protected by the Constitution and due process). Third, to the extent that Defendant may be arguing that he was denied due process because the district court interfered with his right to an appeal by dismissing it (*see* N.M. Const. art. VI, § 2), we note that this Court is bound by Supreme Court Rules, which, as discussed in the calendar notice, support the district court's decision in this case. *See Alexander v. Delgado*, 1973-NMSC-030, 84 N.M. 717, 507 P.2d 778, *modified by State v. Wilson*, 1994-NMSC-009, ¶¶ 5-7, 116 N.M. 793, 867 P.2d 1175 (altering the *Alexander* doctrine by freeing the Court of Appeals to amend, modify, or abolish Uniform Jury Instructions that have not been specifically addressed by the Supreme Court on appeal). We decline to hold that the Supreme Court Rules discussed in the calendar notice and below are unconstitutional, however, because Defendant failed to specifically argue any basis for doing so under circumstances where Defendant was only "deprived of an appeal" by his own failure to comply with the Supreme Court Rules requiring him to request a transcript of the metropolitan court proceedings be made so that the district court and this Court could review those very proceedings on appeal. *See, e.g.*, *State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 (stating that a defendant may not invite error and later complain about it and that the doctrine of fundamental error has no application when the defendant has invited the error).

**{4}** As we discussed in the calendar notice, the district court dismissed Defendants' appeal of the metropolitan court judgment on the basis that Defendants had failed to record the bench trial in metropolitan court, and therefore the district court had no record to review on appeal in accordance with its role as an appellate court from an on-record metropolitan court trial. [RP 24] Because Defendants contest the district court's dismissal and reassert the merits of their case in their docketing statement filed in this Court [DS 25-26], Defendants are esssentially contending that the district court and this Court can and should conduct a new trial, i.e., that Defendants are entitled to de novo appeals.

**{5}** The question whether a party is entitled to a de novo appeal, or new trial, in district court is a question of law that we review de novo. *See State v. Krause*, 1998-NMCA-013, ¶ 3, 124 N.M. 415, 951 P.2d 1076. The New Mexico Constitution grants district courts appellate jurisdiction over all inferior courts, and trials in district court are de novo unless otherwise provided by law. *See* N.M. Const. art. VI, § 13; N.M. Const. art. VI, § 27. In the case of civil appeals from metropolitan court, the legislature has "otherwise provided by law" because, pursuant to NMSA 1978, Section 34-8A-6(B) (1993), the metropolitan court is a "court of record" for civil appeals.

4

**{6}** In an on-record appeal from metropolitan court, neither the district court nor this Court conduct a new trial. *See Serna v. Gutierrez*, 2013-NMCA-026, ¶ 13, 297 P.3d 1238. Moreover, notice to Defendants that they have the right and the obligation to record the proceedings is readily available to Defendants in the metropolitan court rules. [RP 14] Rule 3-708(A) NMRA states that: "Every civil proceeding in the metropolitan court shall be tape recorded if requested by a party." Rule 3-706(E)(5) NMRA states that the appellant shall file a copy of the record on appeal from metropolitan court to district court, which shall consist of any transcripts of the proceedings, either stenographically made or tape recorded. Rule 3-202(B)(4) NMRA states that the summons shall include

> a notice that the defendant may request prior to any proceeding that the proceeding may be recorded. The notice shall advise the defendant if a tape recording is not made of the proceedings it may effectively preclude the defendant from appealing to the district court.

In this case, the record proper indicates that, in accordance with Rule 3-202(B)(4), Plaintiff properly notified Defendants in their metropolitan court summons that Defendants may request a recording of the proceedings and the consequences of not doing so. [RP 14, final paragraph in bold capital letters]

**{7}** Accordingly, we hold that Appellant's failure to make a record of the metropolitan court trial precludes appeal to district court. *See generallyMichaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176 ("Where the record on

5

appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence."); *see also Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791(observing that "[i]t is the duty of the appellant to provide a record adequate to review the issues on appeal").

**CONCLUSION**

{8}     We affirm the district court's dismissal of Defendants' appeal from the metropolitan court on-record judgment of restitution.

{9}     **IT IS SO ORDERED.**

 

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**