The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: February 5, 2024

**NO. S-1-SC-35619**

**ROY PADILLA,**

Plaintiff-Appellee,

v.

**RAY TORRES,**

Defendant-Appellant.

**CERTIFICATION FROM THE NEW MEXICO COURT OF APPEALS**
Denise Barela-Shepherd, District Judge

New Mexico Legal Aid
Thomas Prettyman
Albuquerque, NM

for Appellant

Holland & Hart LLP
Larry J. Montaño
Santa Fe, NM

for Appellee

**OPINION**

**BACON, Chief Justice.**

**I.    INTRODUCTION**

{1}    In this opinion, we consider whether the Bernalillo County Metropolitan Court is required to create a record of all civil proceedings for which the court serves as a court of record. Rule 3-708(A) NMRA of the Rules of Civil Procedure for the Metropolitan Courts provides, "Every civil proceeding in the metropolitan court shall be tape recorded *if requested by a party*" (emphasis added). Defendant-Appellant Ray Torres's appeal from the metropolitan court was dismissed because the parties did not request a tape recording of the trial and the district court concluded that it could not conduct the appeal in the absence of a recording. Torres challenges the metropolitan court's practice of not recording civil proceedings except on party request, asserting that this practice contravenes NMSA 1978, Section 34-8A-6(B) (1993, amended 2019) and violates his statutory and constitutional rights. Torres seeks a new trial and asks this Court to direct that civil proceedings in the metropolitan court be recorded irrespective of a party's request.

{2}    We conclude that the failure to record the trial in this matter is contrary to Section 34-8A-6(B) (1993). At the time relevant to this appeal, Section 34-8A-6(B) (1993) designated the "metropolitan court [a]s a court of record for civil actions"

and granted aggrieved parties a right to appeal. We hold that the statute imposes a duty on the metropolitan court to create a record of its proceedings that will be sufficient to permit appellate review in this case. We further hold as we discuss hereinafter that Rule 3-708(A) and other similar rules impermissibly conflict with Section 34-8A-6(B) to the extent that the rules condition the creation of this record on a party's request. We direct our committee for the Rules of Civil Procedure for the State Courts to correct the rules in conformance with our opinion. Finally, we reverse and remand this matter to the metropolitan court for a new trial.

**II.    BACKGROUND**

{3}    The record in this appeal is limited due to the lack of a record of the proceedings held in the metropolitan court. Documents in the record reveal the following.

{4}    On July 10, 2014, Plaintiff-Appellee Roy Padilla filed a petition in the metropolitan court under the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007), requesting restitution of a single-family home in Southwest Albuquerque. Padilla alleged that Torres, his tenant, had not paid the rent due for part of June and all of July 2014. A civil summons form was served on Torres advising him that trial would be held on July 30, 2014. The summons also advised Torres: "If you want a recording of any

proceeding, you must request it before the beginning of the proceeding. If you do not ask for a recording, you will not have a record of the proceedings to take to the district court." Both Torres and Padilla appeared pro se at trial. Neither party requested a recording of the proceedings in advance of the trial. Consequently, there is no record of the arguments, testimony, or nondocumentary evidence presented at trial.

{5}     Shortly after this trial, the metropolitan court entered a judgment restoring the home to Padilla and evicting Torres. The metropolitan court also ordered that Torres pay Padilla past-due rent and costs in the amount of $927. Torres timely appealed the metropolitan court's judgment to the Second Judicial District Court.

{6}     The district court dismissed the appeal because Torres had failed to request a recording of the metropolitan court's trial. The district court noted that the metropolitan court was a court of record for the matter, and thus the district court's role on appeal was to review the metropolitan court's judgment for error. The district court explained, "Without a record of the trial, the Court is unable to discern whether a particular question or issue was preserved for review . . . . Equally, without a record of the trial, the Court cannot review the testimony, arguments, evidence or any other proceedings." The district court thus determined that it could not effectively review Torres's "on-record appeal" without a recording of the trial. The

district court also rejected Torres's assertion that he had a right to a recording. The court explained that Torres, as appellant, was required to provide an adequate record on appeal and that the court's rules and summons clearly notified Torres that he "must request the recording to preserve the record."

{7} Torres timely appealed the dismissal to the Court of Appeals. Torres argued that the metropolitan court's practice of not recording civil proceedings except on a party's request was inconsistent with Section 34-8A-6(B) (1993) and violated his state and federal constitutional rights. We accepted certification from the Court of Appeals to review the questions presented. *See* Rule 12-606 NMRA; NMSA 1978, § 34-5-14(C) (1972).

{8} While this appeal was pending, the Legislature amended Section 34-8A-6. *See* N.M. Laws. 2019, ch. 281, § 1. As of June 14, 2019, Section 34-8A-6(B), (C) specifies that the metropolitan court is a court of record for civil actions other than those under UORRA. Thus, the metropolitan court is no longer a court of record for petitions for restitution similar to the petition filed in this case. However, the matter here was adjudicated under the 1993 enactment. Thus, this matter remains unresolved, and we note that the $927 judgment against Torres remains outstanding. We therefore proceed to consider the questions as presented. Unless otherwise stated, our analysis pertains to Section 34-8A-6(B) (1993), which was in effect at

the time of the judgment in this matter. Nevertheless, our analysis with respect to the metropolitan court's record-keeping duties as a court of record remains relevant to the current version of the statute.

{9} Shortly after hearing oral argument, we issued an administrative order directing the metropolitan court to record all civil proceedings for which the court serves as a court of record, notwithstanding language to the contrary in Rule 3-708. N.M. Sup. Ct. Ord. No. 23-8500-003 (Jan. 30, 2023). In this opinion, we address the issues presented and illuminate this administrative change.

**III.   STANDARD OF REVIEW**

{10} Torres contends that the metropolitan court's failure to record the trial in this matter violates Section 34-8A-6(B) (1993), which, at the relevant time, designated the metropolitan court a court of record for civil actions. Torres further argues that the metropolitan court's failure to record the trial violated his constitutional and statutory rights to appeal.

{11} However, we decline to reach the constitutional issues raised because we agree that Section 34-8A-6(B) (1993) required the metropolitan court to create a record of the trial in this matter. "It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so. We have repeatedly declined to decide constitutional questions unless

5

necessary to the disposition of the case." *Schlieter v. Carlos*, 1989-NMSC-037, ¶ 13, 108 N.M. 507, 775 P.2d 709. We therefore limit our discussion to Torres's arguments under Section 34-8A-6(B) (1993).

## IV.   DISCUSSION

### A.   Context of the Metropolitan Court as a Court of Record

{12}   In 1979, our Legislature added metropolitan courts to our system of courts, NMSA 1978, § 34-8A-1 (1979, amended 2010), establishing the metropolitan court as "a specialized magistrate court to perform the functions of magistrate, municipal, and small claims courts for New Mexico's most populous counties." *State v. Armijo*, 2016-NMSC-021, ¶ 14, 375 P.3d 415. Although metropolitan court functions are similar to those of other courts of limited jurisdiction, a metropolitan court is, in some ways, distinct. *Id.* ¶ 15.

{13}   For example, the Legislature has made the metropolitan court "a court of record" for certain types of actions, including, at the time relevant to this appeal, for civil actions. Section 34-8A-6(B), (C) (1993); *see also* Section 34-8A-6(B), (C) (providing currently that the metropolitan court is a court of record for civil actions except for those brought under UORRA). In contrast, "[t]he magistrate court is not a court of record." NMSA 1978, § 35-1-1 (1968).

6

{14}    Whether the metropolitan court serves as a court of record for an action determines the standard of review on appeal. *Armijo*, 2016-NMSC-021, ¶ 15. When the metropolitan court is not a court of record, an aggrieved party may appeal the metropolitan court's judgment to the district court for a trial de novo. *See* NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."); *see also State v. Ball*, 1986-NMSC-030, ¶ 15, 104 N.M. 176, 718 P.2d 686 (describing the appeal from an inferior court provided for by Article VI, Section 27 of the New Mexico Constitution "as the removal of a cause from the inferior to a superior court"). The district court reviews these not-of-record actions by "trial 'anew,' as if no trial whatever had been had in the" lower court. *City of Farmington v. Sandoval*, 1977-NMCA-022, ¶ 15, 90 N.M. 246, 561 P.2d 945. Similarly, in not-of-record criminal actions, a defendant may appeal the lower court's order on certain dispositive pretrial motions to the district court for a hearing de novo, with the district court making "an independent determination of the merits of the motion." *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶¶ 9, 17, 19, 311 P.3d 446; *see also State v. Lucero*, 2022-NMCA-020, ¶ 22 & n.6, 508 P.3d 917 (listing not-of-record inferior court orders subject to review by hearing de novo). The record on appeal from these not-of-record actions of the lower court "establishes

7

what issues were preserved in the lower court and facilitates a district court's de novo review." *Piñon-Garcia*, 2013-NMSC-046, ¶ 12.

{15} However, by designating the metropolitan court a court of record for certain actions, § 34-8A-6(A)-(C) (1993), the Legislature has provided "an exception to the general rule that [parties aggrieved by an outcome in the lower court] are entitled to a de novo trial in district court." *State v. Wilson*, 2006-NMSC-037, ¶ 11, 140 N.M. 218, 141 P.3d 1272. When the metropolitan court is a court of record for an action, a reviewing court "acts as a typical appellate court reviewing the record of the lower court's trial for legal error." *State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824; *Serna v. Gutierrez*, 2013-NMCA-026, ¶ 13, 297 P.3d 238 ("Because this was an appeal from an on-record metropolitan court trial, the district court reviewed the case in its appellate capacity for legal error."); *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (explaining that the Court of Appeals' standard of review was identical to the district court's—examining whether the on-record metropolitan court abused its discretion when it ordered that the criminal charges be dismissed). The metropolitan court's findings of fact will be affirmed by the district court on appeal if the findings are supported by substantial evidence in the record of the metropolitan court. *Johnson v. Sw. Catering Corp.*, 1983-NMCA-020, ¶ 7, 99 N.M. 564, 661 P.2d 56.

## B. Implications of the Metropolitan Court's Designation as a Court of Record

{16} We now consider an issue for the present case, related to the metropolitan court's designation as a court of record for civil actions. Specifically, Torres argues that the plain meaning of the phrase "court of record," as used in Section 34-8A-6(B) (1993), requires the metropolitan court to create a record of its proceedings and that the requirement that Rule 3-708(A) imposes on a party to request a recording contradicts this statutory mandate. Padilla, in response, asserts that "'court of record'" is a term of art which merely "signifies that such proceedings are *subject to* recordation and that any ensuing appeal should entail review of the underlying proceedings for error, as opposed to de novo review" (emphasis added). Padilla further suggests that "the manner in which a record is to be created is a question of procedure, which is appropriately delineated by [court] rule."

{17} As discussed below, we agree with Torres that the metropolitan court, as a court of record, was required to create a record of the trial in this matter. We further hold that Rule 3-708(A) is invalid to the extent that the rule provides that these on-the-record proceedings will be recorded only if a party so requests. However, we emphasize that Section 34-8A-6(B) (1993) does not require the metropolitan court to create an audio recording. Rather, we agree with Padilla that the manner in which a record is to be created, and the form of record so created, are procedural questions

that are properly answerable by court rule. We nevertheless express our preference for an audio recording of these proceedings to give full effect to the intent of Section 34-8A-6(B) (1993).

**C.    A Court of Record Must Create a Record of Its Proceedings**

{18}    We consider whether Section 34-8A-6(B) (1993) expresses an intent to require the metropolitan court to create a record of proceedings when it serves as a court of record. When construing statutes, our chief goal is to give effect to legislative intent, with the language of the statute as the primary indicator of that intent. *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047. We will only depart from the statute's language if its meaning is "doubtful, ambiguous, or if an adherence to the literal use of the words would lead to injustice, absurdity or contradiction," in which case "we will construe the statute according to its obvious spirit or reason." *Id.* (brackets, internal quotation marks, and citation omitted).

At the relevant time of this appeal, the statute provided,

> The metropolitan court is a court of record for civil actions. Any party aggrieved by a judgment rendered by the metropolitan court in a civil action may appeal to the district court of the county in which the metropolitan court is located within fifteen days after the judgment was rendered. The manner and method for the appeal shall be set forth by supreme court rule.

10

Section 34-8A-6(B) (1993).[1] The Legislature had not defined the term "court of record" as used in Section 34-8A-6(B) (1993). "When words are not otherwise defined in a statute, we give those words their ordinary meaning absent clear and express legislative intention to the contrary." *State v. Adams*, 2022-NMSC-008, ¶ 10, 503 P.3d 1130 (brackets, internal quotation marks, and citation omitted). "To do so, we consult common dictionary definitions." *Id.* We also assess that the term "court of record" is a legal term of art. "When a statute uses terms of art, we interpret these terms in accordance with case law interpretation or statutory definition of those words, if any." *Buzbee v. Donnelly*, 1981-NMSC-097, ¶ 39, 96 N.M. 692, 634 P.2d 1244; *accord Helen G. v. Mark J.H.*, 2008-NMSC-002, ¶ 42, 143 N.M. 246, 175 P.3d 914.

{19}   Dictionary sources define a "court of record" as "a court that is required to keep a record of its proceedings and that may fine and imprison people for contempt." *Court of Record*, *Black's Law Dictionary* (7th ed. 1999); *see also Of Record*, *Black's Law Dictionary* (11th ed. 2019) ("2. (Of a court) that has proceedings taken down stenographically or otherwise documented"). Our early case

---

[1]Section 34-8A-6(B) now provides, "Other than for actions brought pursuant to [UORRA], the metropolitan court is a court of record for civil actions. Any party aggrieved by a judgment rendered by the metropolitan court in a civil action may appeal to the court of appeals. The manner and method for the appeal shall be set forth by supreme court rule."

11

law confirms that a "'court of record'" signifies "'a court where the acts and judicial proceedings are enrolled on parchment or paper for a perpetual memorial and testimony, and which has power to fine and imprison for contempt of its authority.'" *Bucher v. Thomson*, 1893-NMSC-010, ¶ 3, 7 N.M. 115, 32 P. 498 (quoting Blackstone's *Commentaries on the Laws of England*). A court of record thus denotes "'[a] court that is required to keep a record of its proceedings.'" *State v. Vanderdussen*, 2018-NMCA-041, ¶ 2, 420 P.3d 609 (quoting *Black's Law Dictionary* (10th ed. 2014)).

{20} The record maintained by a court of record is "presumed accurate and cannot be collaterally impeached." *Court of Record*, *Black's Law Dictionary* (11th ed. 2019). This is because courts of record were historically associated with "the king's courts, in the right of his crown and royal dignity," *Bucher*, 1893-NMSC-010, ¶ 3 (citation omitted), and the king insisted "'that his own word as [to] all that has taken place in his presence is incontestable,'" *Court of Record*, *Black's Law Dictionary* (quoting 2 Frederick Pollock & Frederic W. Maitland, *History of English Law Before the Time of Edward I* 669 (2d ed. 1899)).

{21} Because a court of record speaks through its unimpeachable record, it is often held that these "judicial records are not only necessary but indispensable to the administration of justice." *Herren v. People*, 363 P.2d 1046 (Colo. 1961); *see also*

12

20 Am. Jur. 2d. *Courts* § 22 (2015) ("Courts of record can speak only by or through their records, and what does not so appear does not exist in law." (brackets omitted)). Thus, "[i]t is generally accepted that the one essential feature necessary to constitute a court of record is that a permanent record of the proceedings of the court must be made and kept." *DeKalb Co. v. Deason*, 144 S.E.2d 446, 448 (Ga. 1965); 21 C.J.S. *Courts* § 178 (1990) ("[I]t is generally required that such courts shall keep such records, the object being to secure an accurate memorial *of all the proceedings in the case* so that persons interested may ascertain the exact state thereof." (emphasis added)).

{22}   We therefore agree with Torres that, under the plain meaning of Section 34-8A-6(B) (1993), the metropolitan court was required to make and keep a record of the trial held in this matter. By specifying that the metropolitan court is to serve as a "court of record" for an action, *id.*, the Legislature has expressed an intent that the metropolitan court will create a record of its proceedings in that action. *See Bucher,* 1893-NMSC-010, ¶ 3 (defining a court of record as "a court where the acts *and judicial proceedings* are enrolled on parchment or paper for a perpetual memorial and testimony" (emphasis added)). Because Section 34-8A-6(B) (1993) provides for a substantive right to appeal an adverse civil judgment, we also discern that the Legislature intended that the record created by the metropolitan court be amenable

13

to appellate review. *Cf. State ex rel. Schwartz v. Sanchez*, 1997-NMSC-021, ¶¶ 6-7, 9, 123 N.M 165, 936 P.2d 334 (explaining that Section 34-8A-6(C) (1993)'s designation of the metropolitan court as a court of record for criminal actions involving domestic violence evinces a legislative intent that a domestic violence victim's testimony be "heard on-record" so that the victim "need testify only once"); *accord State v. Krause*, 1998-NMCA-013, ¶ 9, 124 N.M. 415, 951 P.2d 1076; *see also State v. Trujillo*, 1999-NMCA-003, ¶ 5, 126 N.M. 603, 973 P.2d 855 ("An on-record appeal requires that the metropolitan court proceedings have been on the record."). We therefore hold that Section 34-8A-6(B) (1993) requires the metropolitan court to create a record of its civil proceedings sufficient to permit appellate review.[2]

{23}     From the history of Section 34-8A-6(B), we also discern that the Legislature did not intend for this record-keeping requirement to be alterable by court rule. When the metropolitan court was created in 1979, Section 34-8A-6(B) provided, "The

---

[2]In holding that the metropolitan court must create a record of its on-the-record civil proceedings, we do not suggest that an inferior court that is not a court of record may not keep a record. Neither do we suggest that an inferior court becomes a court of record simply because a record is kept. Since New Mexico's territorial days, the clerks of our supreme and inferior courts have been required, by statute, to "seasonably record the judgments, rules, orders and other proceedings of the respective courts." NMSA 1978, § 34-1-6 (1865). An inferior court is not a court of record simply because it complies with this mandate.

metropolitan court is a court of record with respect to civil actions *to the extent specified by supreme court rule.*" 1978 N.M. Laws. ch. 346, § 6(B) (emphasis added). The Legislature shortly thereafter amended this language to directly provide, through Section 34-8A-6(B) (1980), that "The metropolitan court is a court of record with respect to civil actions." 1980 N.M. Laws, ch. 142, § 4(B); *see also Armijo*, 2016-NMSC-021, ¶¶ 29-30 (discussing this history of Section 34-8A-6). The 1980 alteration suggests that the Legislature intended the record-keeping duties of Section 34-8A-6(B) to be mandatory.

**D.    Rule 3-708(A)'s Party Request Requirement Is Invalid**

{24}    Section 34-8A-6(B) (1993) thus requires the metropolitan court to create a record of its proceedings in an on-the-record civil action. At the time of the parties' trial, however, our rules provided that a civil proceeding would "be tape recorded if requested by a party." Rule 3-708(A). No other record would be made of the metropolitan court's civil hearings or trials. *See, e.g.*, Form 4-204 NMRA (advising metropolitan court litigants summoned to respond to a civil complaint that they will "not have a record of the proceedings to take to the district court for any appeal" if they do not request an audio recording); Rule 3-109(A)(2) NMRA (confirming that the term "record" as used in the Rules of Civil Procedure for the metropolitan courts includes "any audio recording"); Rule 3-706(E)(5) NMRA (requiring the record of

15

a metropolitan court judgment to include "any transcript of the proceedings made by the metropolitan court, either stenographically recorded or tape recorded"); Rule 1-073(F)(5) NMRA (same). Thus, the conditional tape recording identified in Rule 3-708(A) serves as the only record showing the conduct of the metropolitan court's civil proceedings. In fact, a series of unpublished memorandum opinions from the Court of Appeals confirms that the conditional tape recording identified in Rule 3-708(A) serves as the only means of preserving the record of these proceedings, and the record on appeal is often deemed deficient in the absence of this recording. *See, e.g.*, *Bernstein v. Gaffney*, A-1-CA-33759, mem. op. ¶¶ 2-7 (N.M. Ct. App. Oct. 1, 2014) (nonprecedential) (affirming the district court's dismissal of the appeal because the defendant had not requested a recording of "the bench trial in metropolitan court and therefore the district court had no record to review on appeal"); *Venie v. Velasquez*, A-1-CA-33427, mem. op. ¶¶ 4, 8 (N.M. Ct. App. June 5, 2014) (nonprecedential) (affirming the district court's dismissal of the appeal because the defendant's "failure to make a record of the metropolitan court trial precludes appeal to district court" and holding that "to disregard evidence before the metropolitan court would be contrary to our longstanding case law"), *cert. granted* (S-1-SC-34790, Jan. 19, 2016) (held in abeyance pending the outcome of this case); *Roger Cox & Assocs. Prop. Mgmt. v. Lohmann*, A-1-CA-31810, mem op. at *1

16

(N.M. Ct. App. Mar. 29, 2012) (nonprecedential) (concluding that an appeal was effectively "unreviewable because [the defendant] did not preserve a record of the metropolitan court hearing in this matter" and refusing to "overlook the lack of a complete record, and . . . limit our review to the pleadings in the record proper"); *Downs v. Hunter's Ridge Apts.*, A-1-CA-30341, mem. op. at *1-2 (N.M. Ct. App. July 20, 2010) (nonprecedential) (affirming district court's dismissal of an appeal for lack of a recording of the metropolitan court's trial and refusing to review the record in the absence of the recording).

{25} Rule 3-708(A) and other Rules of Civil Procedure for the Metropolitan Courts thus stand in direct conflict with the record-keeping mandate of Section 34-8A-6(B) (1993), which requires the metropolitan court to keep a record of its civil proceedings. Yet our rules contemplate that a record of the proceedings will only be created if a party so requests.

{26} We are thus confronted with a conflict between the court rules and a statute. Article VI, Section 3 of the New Mexico Constitution grants this Court the power of superintending control over all inferior courts, and therefore "'statutes purporting to regulate practice and procedure in the courts cannot be made binding.'" *Ammerman v. Hubbard Broadcasting, Inc.*, 1976-NMSC-031, ¶ 15, 89 N.M. 307, 551 P.2d 1354 (quoting and reaffirming *State ex rel. Anaya v. McBride*, 1975-NMSC-032, ¶ 11, 88

17

N.M. 244, 539 P.2d 1006). Accordingly, we will revoke or amend a statutory provision affecting pleading, practice, or procedure in the courts "when the statutory provision conflicts with an existing court rule or constitutional provision, or if the provision impairs the essential functions of the [c]ourt." *Albuquerque Rape Crisis Ctr. v. Blackmer*, 2005-NMSC-032, ¶ 5, 138 N.M. 398, 120 P.3d 820 (citations omitted).

{27} Although this Court possesses the exclusive power to regulate court procedure, in so regulating, we may not abridge, enlarge, or modify substantive rights or law. *State v. Arnold*, 1947-NMSC-043, ¶ 7, 51 N.M. 311, 183 P.2d 845; NMSA 1978, § 38-1-1(A) (1966) (providing that, in its regulation of "pleading, practice and procedure in judicial proceedings in all courts of New Mexico," this Court's "rules shall not abridge, enlarge or modify the substantive rights of any litigant"). This Court will thus invalidate a court rule if it intrudes on the substantive requirements of a law. For example, in *Smith v. Love*, we held that a court rule that limited the state's right to appeal judgments from the metropolitan court was invalid because the rule interfered with the state's substantive right to appeal. 1984-NMSC-061, ¶ 7, 101 N.M. 355, 683 P.2d 37.

{28} The form of records kept by a court and the manner of the record's creation are typically matters of court pleading, practice, and procedure and thus are not

amenable to alteration by statute. *Cf. Hudson v. State*, 1976-NMSC-084, ¶¶ 3-5, 89 N.M. 759, 557 P.2d 1108 (rejecting argument that summary affirmance of a defendant's conviction by way of memorandum opinion deprived the defendant of his right to appeal, affirming that this Court has "the power to regulate and to promulgate rules regarding the pleadings, practice, and procedure affecting the judicial branch of government").

{29} However, we discern that the record-keeping requirements of Section 34-8A-6(B) are substantive and not procedural. "Generally, a substantive law creates, defines, or regulates rights while procedural law outlines the means for enforcing those rights." *State v. Valles*, 2004-NMCA-118, ¶ 14, 140 N.M. 458, 143 P.3d 496; *see also Olguin v. State*, 1977-NMSC-034, ¶ 2, 90 N.M. 303, 563 P.2d 97. The metropolitan court's designation as a court of record for an action defines its jurisdiction over that action and thus this designation is a matter of substantive law. *Armijo,* 2016-NMSC-021, ¶ 19 ("'A court's jurisdiction derives from a statute or constitutional provision.' The right to appeal is also a matter of substantive law created by constitutional or statutory provision." (citation omitted)); *State ex rel. Bevacqua-Young v. Steele*, 2017-NMCA-081, ¶¶ 8-10, 406 P.3d 547 (explaining that the district court's jurisdiction on appeal from a not-of-record inferior court is limited to de novo review and reversing because the district court engaged in on-the-

19

record review); *Trujillo*, 1999-NMCA-003, ¶¶ 2, 4-6, 16 (concluding that a defendant convicted of a crime for which the metropolitan court was not a court of record was entitled to a trial de novo). The metropolitan court's duty to create a record of its proceedings arises as a direct consequence of its jurisdictional designation as a court of record. By extension, we conclude that the record-keeping requirements of Section 34-8A-6(B) (1993) are substantive. Further, Section 34-8A-6(B) (1993) does not intrude on this Court's exclusive power to regulate the procedural aspects of record-keeping at the metropolitan court. The statute expressly provides that "[t]he manner and method for the appeal shall be set forth by supreme court rule." Section 34-8A-6(B) (1993); *see also* Section 34-8A-6(A) (1993) (instructing this Court to "adopt separate rules of procedure for the metropolitan courts").

{30} On the other hand, Rule 3-708(A) abridges the substantive requirements of Section 34-8A-6(B) (1993) because Rule 3-708(A) does not just regulate the manner of the record's creation or dictate the type of record created in the metropolitan court. Rather, the rule also conditions the metropolitan court's act of recordation on a party's request, as no record of the proceedings is created without this request. We therefore hold that Rule 3-708(A) and related court rules are invalid to the extent that the rules condition the metropolitan court's creation of a record of its on-the-

20

record proceedings on a party's request. *Cf. Love*, 1984-NMSC-061, ¶ 7 (concluding that Rule 71(b) (1982) of the Rules of Procedure for the Metropolitan Courts (Judicial Pamphlet 2A, 1983 Cumulative Supplement) was invalid because it limited the state's "substantive constitutional right to appeal"). When serving as a court of record, the metropolitan court must create a record of its proceedings irrespective of a party's request.

{31}     In accordance with our power of superintending control to "'control the course of ordinary litigation in inferior courts,'" *Kerr v. Parsons*, 2016-NMSC-028, ¶ 16, 378 P.3d 1 (citation omitted), we previously issued Order No. 23-8500-003 directing that "every civil proceeding in the metropolitan court for which that court is a court of record shall be recorded, regardless of whether a party requests it, and notwithstanding the language in Rule 3-708 NMRA providing that proceedings will only be recorded if requested." In addition to this administrative order, we hereby direct our rules committee to correct Rule 3-708(A), Rule 3-202(B)(4) NMRA, Form 4-204, and any other similar court rules or forms to excise any language suggesting that a record of on-the-record metropolitan court proceedings will be created only if a party so requests.

## E. Parties Must Ensure That the Record Is Complete

{32} By this holding, we do not alter our long-standing rules and precedent confirming that an appellant must ensure that the necessary record is placed before an appellate court. Indeed, we expressly distinguish between a court-of-record's duty to create a record of its proceedings and the parties' duty to ensure that that record is complete. "It is quite clear that it is [an appellant's] duty to see that the record necessary to review alleged errors is before the court." *Dillard v. Dillard*, 1986-NMCA-088, ¶ 6, 104 N.M. 763, 727 P.2d 71; *see also State v. Rivera*, 1978-NMCA-089, ¶¶ 10-11, 92 N.M. 155, 584 P.2d 202 (noting that even though the rules place the burden of preparing a transcript of proceedings on a court, the rules do not relieve appellants "of their responsibility to see that a proper transcript is forwarded"). We also do not alter the general requirement that pro se litigants must comply with the rules of the court. *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("[A] *pro se* litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar.").

{33} All appellants, whether appearing pro se or through counsel, must ensure that all necessary facts, claims, and issues are properly raised and preserved in the record kept by a trial court. Rule 12-321(A) NMRA (preserving issues for review); *see also*

22

*State v. Gilbert*, 1983-NMSC-083, ¶ 22, 100 N.M. 392, 671 P.2d 640 ("[The] [d]efendant has the obligation to ensure that a proper appellate record is provided to this Court for review of alleged errors. This Court cannot review matters outside the record." (citation omitted)). And "[w]here the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence." *Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176.

**F.      The Form of Record Is to Be Defined by Court Rule**

{34}      Although Section 34-8A-6(B) (1993) requires the metropolitan court to create a record of its proceedings, the statute does not dictate the form of record that must be created. *See* Section 34-8A-6(B) (1993) ("The manner and method for the appeal shall be set forth by supreme court rule."). Thus, Section 34-8A-6(B) (1993) does not require the metropolitan court to make a specific type of record, such as an audio recording or stenographic transcript. Instead, the form of record and manner of the record's creation are procedural questions within this Court's rulemaking powers. *See, e.g.*, *Arnold*, 1947-NMSC-043, ¶ 11 (explaining that the creation of "reasonable regulations affecting the time and manner of taking and perfecting [an appeal] are procedural and within this court's rule making power"); *State v. Belanger*, 2009-NMSC-025, ¶ 34, 146 N.M. 357, 210 P.3d 783 ("[T]his Court has always been

23

understood to govern its own decisions on procedure, pleading and other core judicial functions.").

{35} Moreover, an audio recording is not always necessary for meaningful appellate review. Our courts have previously recognized that, "in deciding whether there is a sufficient record for the purpose of proceeding with an appeal, a verbatim transcript is not necessary." *State v. Fish*, 1984-NMSC-056, ¶ 6, 101 N.M. 329, 681 P.2d 1106; *see also Jeantete v. Jeantete*, 1990-NMCA-138, ¶ 10, 111 N.M. 417, 806 P.2d 66 ("A verbatim transcript is not necessary in most cases to permit meaningful appellate review."). The record on appeal need only be sufficiently complete so as to "afford an adequate and effective appellate review." *State v. Herrera*, 1972-NMCA-068, ¶ 3, 84 N.M. 46, 499 P.2d 364.

**G.      We Express Our Preference for an Audio Recording**

{36} Even though we acknowledge that Section 34-8A-6(B) (1993) does not require the metropolitan court to create an audio recording of its on-the-record civil proceedings, we nevertheless express a preference for an audio recording of these proceedings.

{37} Section 34-8A-6(A) (1993) instructs this Court to adopt rules of procedure to provide for "the just, speedy and inexpensive determination of any metropolitan court action." Based on our research into the history of Rule 3-708(A), it appears

24

that this Court adopted the rule requiring a party to request a tape recording partly out of a concern for the expense and delays associated with producing tape recordings in the 1980s and 1990s. Torres suggests that the concerns that contributed to the adoption of Rule 3-708(A) have been alleviated with the advent of digital recording technology, characterizing the making of an audio recording as now requiring no more than the press of a button. We disagree with this characterization, as producing an official recording of court proceedings still places significant demands on judicial resources. *See, e.g.*, Rule 22-303 NMRA (providing procedures for the audio recording of judicial proceedings, including the employment of official court monitors).

{38} Nevertheless, given our holding, we realize that these resource-related concerns do not relieve a court of record of its responsibility to create a record of its proceedings. We also recognize that technological advances have lessened some of the demands attendant to producing and storing audio recordings. Likewise, experience has shown that an audio recording of these proceedings supports meaningful appellate review. *See, e.g.*, *Venie*, A-1-CA-33427, mem. op. ¶¶ 7-8 (rejecting the argument that an audio recording was unnecessary on review, explaining that the appellate court's "disregard[ing of] evidence before the metropolitan court would be contrary to our longstanding case law"). We have also

25

previously expressed a preference for an audio recording of trial court proceedings, noting that the audio "adds a most important and significant dimension to the understanding and evaluation of the spoken words." *State ex rel. Moreno v. Floyd*, 1973-NMSC-117, ¶ 9, 85 N.M. 699, 516 P.2d 670.

{39}	We therefore believe that an audio recording of the metropolitan court's civil proceedings will best serve the interests expressed in Section 34-8A-6(A). Accordingly, we express our strong preference for an audio recording. The rules committee is advised to take note of this preference when revising the court's rules and forms in conformance with our opinion.

**H.	We Remand to the Metropolitan Court for a New Trial**

{40}	Based on our holding that Section 34-8A-6(B) requires the metropolitan court to create a record of its on-the-record civil proceedings, we further conclude that the district court erred in dismissing this appeal on the basis that Torres did not request a recording of the trial in the metropolitan court. This error was due to the invalid language in our court rules conditioning the creation of a record on a party's request. It follows that this Court must therefore reverse the dismissal of Torres's appeal.

{41}	We now turn to an appropriate remedy. In his briefing, Torres asks us to remand this matter to the district court for a trial de novo, suggesting that the trial in this matter was not-of-record simply because there is no recording of the trial. As

26

discussed previously herein, designation as a court of record defines a metropolitan court's jurisdiction over its action; thus, the metropolitan court was still serving as a court of record in this matter even though no record was made. *Cf. Wilson,* 2006-NMSC-037, ¶ 11 (explaining that appeals from of-record metropolitan court actions are an exception to de novo review from inferior courts); *Steele*, 2017-NMCA-081, ¶ 10 (reversing the district court because it engaged in an on-the-record review in an appeal from a not-of-record proceeding). Torres is not entitled to a trial de novo in district court.

{42}     Rather, the district court correctly determined that it was acting as an appellate court and was therefore confined to reviewing the metropolitan court's record for legal error. *See, e.g., Trujillo*, 1999-NMCA-003, ¶ 4 ("For on-record appeals the district court acts as a typical appellate court, with the district judge simply reviewing the record of the metropolitan court trial for legal error."). The district court further found that the record was insufficient for review in the absence of a recording of the metropolitan court's trial. As no party has challenged this finding, we accept that this recording was necessary for review of Torres's appeal. We further assume that the parties do not fully remember the metropolitan court's trial due to the regrettable number of years of this matter's pending status. Thus, it is unlikely that the parties would be able to reconstruct the record of the proceeding. *Cf.* Rule

27

12-211(C) NMRA (providing for reconstruction of a record on appeal from the district court when an audio recording or transcript is not available).

{43} Accordingly, we conclude that the appropriate remedy is to remand this matter to the metropolitan court for a new trial. *Cf. State v. Moore*, 1975-NMCA-042, ¶ 7, 87 N.M. 412, 534 P.2d 1124 (remanding an appeal for a new trial due to unavailability of the trial transcript and an inability to reconstruct the record). The metropolitan court shall create a record of the trial, and our preference is that it be an audio recording. The parties may then appeal any adverse judgment as provided for under the 1993 version of Section 34-8A-6(B).

**V.    CONCLUSION**

{44} In Section 34-8A-6(B) (1993), the Legislature has expressed an intent for the metropolitan court to create a record of its civil proceedings. We hold that Rule 3-708(A) and associated court rules are contrary to Section 34-8A-6(B) (1993) and invalid to the extent that the rules condition the creation of that record on a party's request. In addition to our previously issued administrative order directing that on-the-record metropolitan court civil proceedings be recorded, we instruct the rules committee to accordingly correct Rule 3-708(A), Rule 3-202(B)(4), Form 4-204, and any other similar court rules and forms. The rules committee should consider our

preference for an audio recording of these proceedings. We remand this matter to the metropolitan court for a new trial.

{45}     **IT IS SO ORDERED.**

_____

**C. SHANNON BACON, Chief Justice**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**JULIE J. VARGAS, Justice**

_____

**BRIANA H. ZAMORA, Justice**