This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41155

**VENTANA RANCH APARTMENTS,**

Plaintiff-Appellee,

v.

**MICHAEL NEWMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Elizabeth A. Martinez
Tomas J. Garcia
Albuquerque, NM

for Appellee

ABQ Law Clinic/
Morris Law Firm, P.A.
Kerry J. Morris
Deborah Moore
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}**     In this appeal, Defendant Michael Newman seeks reversal of the district court's "Memorandum Opinion and Order" (the Order) affirming the metropolitan court's "Judgment for Restitution" (the Judgment), which granted Plaintiff Ventana Ranch Apartments' "Petition by Owner for Restitution" (the Petition). On appeal, Defendant

argues that he was entitled to a trial de novo in the district court, pursuant to NMSA 1978, Section 34-8A-6(C) (2019). We agree and reverse.[1]

## BACKGROUND

**{2}** On May 19, 2021, Plaintiff filed the Petition, pursuant to the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007), in the metropolitan court, alleging that Defendant breached the terms of the rental agreement by engaging in "[u]nlawful action causing serious physical harm to another person." As set forth in the Petition and supporting exhibits, Defendant was involved in a physical altercation with another resident on May 4, 2021, which ultimately resulted in the other resident being taken to the hospital due to the injuries sustained. Plaintiff sought immediate possession of the premises, $103.97 in costs, and reasonable attorney fees. Following trial on the Petition, the metropolitan court found in favor of Plaintiff and issued the Judgment terminating the rental agreement. Defendant appealed the Judgment to the district court.

**{3}** After reviewing the parties' respective statement of appellate issues, the district court issued the Order affirming the Judgment. Defendant subsequently filed a motion asking the district court to reconsider the Order. Defendant also filed a Rule 1-060(B)(2) NMRA motion seeking relief from the Order and a trial de novo pursuant to Section 34-8A-6(C). The district court denied the motions, and this appeal followed.[2]

## DISCUSSION

**{4}** Defendant argues that the district court committed error when it decided his appeal from the metropolitan court without providing Defendant a trial de novo as required by Section 34-8A-6(C). In response, Plaintiff concedes that Section 34-8A-6(C) provides that appeals of this nature to the district court shall be de novo, but contends that Defendant's argument is not properly before this Court because Defendant did not follow proper procedure to request and obtain a trial setting in the district court, and that he did not preserve the issue for appellate review. Defendant responds that the "right [to trial de novo] is mandatory under Section 34-8A-6[(C)] and cannot be waived by mere procedural error." We agree with Defendant and explain.

### I.    Standard of Review and Jurisdiction

**{5}** Whether a district court has jurisdiction to engage in on-the-record review of the proceedings before a court of limited jurisdiction, such as the metropolitan court, is a threshold jurisdictional question. *See State ex rel. Bevacqua-Young v. Steel*, 2017-

---

[1]We note that Defendant raises other issues on appeal to this Court; however, because we agree with Defendant that he was entitled to a trial de novo, we do not reach those issues.

[2]We note that this is Defendant's second appeal of this case to this Court. Defendant's first appeal was dismissed as premature because it was filed before the district court ruled upon Defendant's pending motion to reconsider the district court's April 4, 2022 memorandum opinion. See Order Dismissing Appeal as Premature, *Ventana Ranch Apartments v. Newman*, A-1-CA-40413 (N.M. Ct. App. Dec. 21, 2022).

NMCA-081, ¶ 6, 406 P.3d 547. "The question of jurisdiction is a controlling consideration that must be resolved before going further in a proceeding and may even be raised by the appellate court on its own motion." *Id.* (internal quotation marks and citation omitted). "[J]urisdictional issues should always be resolved even if not preserved below." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. "[T]he question of whether a [district] court has jurisdiction in a particular case is a question of law that we review de novo." *Id.* Whether Defendant is entitled to a trial de novo on appeal to the district court is a question of law that we review de novo. *See State v. Krause*, 1998-NMCA-013, ¶ 3, 124 N.M. 415, 951 P.2d 1076.

## II.  The District Court Did Not Have Jurisdiction to Engage in an On-The-Record Review of Defendant's Appeal

**{6}**    At the outset, we observe that the district court recognized in its Order that "[t]his matter is an appeal pursuant to . . . Section 34-8A-6(C) . . . of the metropolitan court's Judgment," and relied on Section 34-8A-6(C) to correctly articulate the applicable standard of review that "[a]ppeals of a judgment rendered by the metropolitan court in a civil action brought pursuant to the UORRA are de novo." Yet, the district court engaged in an on-the-record review.

Section 34-8A-6(C) states:

> The metropolitan court is not a court of record for civil actions brought pursuant to the [UORRA]. Any party aggrieved by a judgment rendered by the metropolitan court in a civil action brought pursuant to the [UORRA] may appeal to the district court of the county in which the metropolitan court is located within fifteen days after the judgment was rendered. *The appeal shall be de novo*.

(Emphasis added.) As well, NMSA 1978, Section 39-3-1 (1955) provides that "[a]ll appeals from inferior tribunals to the district courts *shall be tried anew* in said courts on their merits, as if no trial had been had below, except as otherwise provided by law." (Emphasis added.) In such cases, "[t]he district court reviews these not-of-record actions by trial anew, as if no trial whatever had been had in the lower court." *Padilla v. Torres*, 2024-NMSC-007, ¶ 14, 548 P.3d 31 (internal quotation marks and citation omitted); *see Bevacqua-Young*, 2017-NMCA-081, ¶¶ 9, 10. Moreover, "[w]hether the metropolitan court serves as a court of record for an action determines the standard of review on appeal." *Padilla*, 2024-NMSC-007, ¶ 14.

**{7}**    Put simply, when a party appeals to the district court from a judgment rendered by the metropolitan court in an action brought pursuant to the UORRA, the district court cannot merely conduct a de novo review of the record; instead, it must hold a trial de novo. *See id.*; *Bevacqua-Young*, 2017-NMCA-081, ¶ 10. But here, as we have already observed, the district court did not conduct a new trial on the merits of the case. Instead, it acted as a typical appellate court by engaging in an on-the-record review and undertaking a review of the record from the metropolitan court to determine whether the

metropolitan court committed error. *See State v. Trujillo*, 1999-NMCA-003, ¶ 4, 126 N.M. 603, 973 P.2d 855 (explaining that "[f]or de novo appeals the district court conducts a new trial, as if trial in metropolitan court had not occurred" and that "[f]or on-record appeals the district court acts as a typical appellate court, with the district [court] simply reviewing the record of the metropolitan court trial for legal error").

**{8}**     Consequently, we hold that the district court did not have jurisdiction to act as a typical appellate court in this matter, and therefore we must reverse and remand this case to the district court with instructions that it conduct a trial de novo on the Petition. *See Padilla*, 2024-NMSC-007, ¶ 14; *Bevacqua-Young*, 2017-NMCA-081, ¶ 10.

**CONCLUSION**

**{9}**     For the reasons set forth above, we reverse the district court's Order and remand this case for trial de novo consistent with this opinion.

**{10}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**